UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARI WEITZNER and ARI WEITZNER, M.D., P.C., Individually and on Behalf of All Others Similarly Situated,<br><br>                                    *Plaintiffs*,<br>v.<br><br>SANOFI PASTEUR, INC., formerly known as AVENTIS PASTEUR INC., and VAXSERVE, INC., formerly known as VACCESS AMERICA, INC.,<br><br>                                    *Defendants*. | Civil No. _____ |

**PRELIMINARY STATEMENT**

1. Plaintiffs, by and through the undersigned attorneys, brings this action individually and as a class action against Defendants, Sanofi Pasteur, Inc., formerly known as Aventis Pasteur Inc. ("Sanofi"), and Vaxserve, Inc., formerly known as Vaccess America, Inc. ("Vaxserve"), on behalf of all persons or entities (i) whose facsimile numbers were licensed, rented or purchased by defendants Vaxserve or Sanofi from List Strategies, Inc.; (ii) whose facsimile numbers did not exist in defendants' database on the date of defendants' receipt thereof from List Strategies, Inc.; and (iii) who received an unsolicited facsimile advertisement transmitted to them on behalf of defendants by VisionLab, Inc., Westfax, Inc. or Velofax LLP between February 14, 2005, and the date of the resolution of this lawsuit (the "class" and the "class period" respectively).

2. Plaintiffs' claims arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(C), and the regulation, 47 C.F.R. § 64.1200(a)(3), promulgated thereunder (hereinafter referred to collectively as "TCPA" unless otherwise indicated). Plaintiffs seek, individually and on behalf of the other Class Members, statutory damages, injunctive relief, attorney's fees, and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1332(d)(2)(A).

4. The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) and (2) and 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

6. Plaintiff Ari Weitzner, is a physician who maintains his office at 1302 Kings Highway, 3rd Floor, Brooklyn, New York 11229.

7. Plaintiff Ari Weitzner, M.D., P.C., is a professional corporation organized and existing under the laws of New York, and maintains its principal place of business at 1302 Kings Highway, 3rd Floor, Brooklyn, New York 11229.

8. Defendant Sanofi is a corporation organized under the laws of Delaware, and maintains its principal place of business at Discover Drive, Route 611, Swiftwater, Pennsylvania 18370 and is the parent company of defendant Vaxserve.

9. Defendant Vaxserve is a corporation organized under the laws of Pennsylvania; maintains its principal place of business at 111 North Washington Avenue, Scranton, Pennsylvania 18503, formerly operated under the name Vaccess America, Inc.; and is a pharmaceutical distribution company.

## FACTS

10. Beginning at least as early as April 21, 2004, Defendants transmitted more than 10,000 facsimiles to Plaintiffs and the other members of the Class ("Defendants' facsimiles").

11. Defendants' facsimiles advertised the commercial availability or quality of property,

goods, or services.

12. Defendants' facsimiles were transmitted without the prior express invitation or permission of Plaintiffs and the other members of the Class.

## FIRST CAUSE OF ACTION

13. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "12" inclusive of this Complaint as if fully set forth herein.

14. The transmission of facsimiles to Plaintiffs and Members of the Class, as set forth above, violated 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(3).

15. Based upon the foregoing, Plaintiffs and Members of the Class are entitled to statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 227(b)(3)(C).

16. Based upon the foregoing, Plaintiffs and Members of the Class are entitled to an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendants from transmitting any advertisements in violation of 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(3).

## CLASS ALLEGATIONS

17. Plaintiffs bring this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) individually and as a class action on behalf of all persons or entities (i) whose facsimile numbers were licensed, rented or purchased by defendants Vaxserve or Sanofi from List Strategies, Inc.; (ii) whose facsimile numbers did not exist in defendants' database on the date of defendants' receipt thereof from List Strategies, Inc.; and (iii) who received an unsolicited facsimile advertisement transmitted to them on behalf of defendants by VisionLab, Inc., Westfax, Inc. or Velofax LLP between February 14, 2005, and the date of the resolution of this lawsuit (the "class" and the "class period" respectively).

18. The Members of the Class are so numerous that joinder of all Members is

impracticable.

19. Plaintiffs believe there are thousands of individuals and entities whose claims are similar to Plaintiffs' claims, and, furthermore, that Plaintiffs' claims are typical of the claims of absent Class Members. Members of the Class have sustained damages arising out of Defendant's wrongful conduct in the same manner that Plaintiffs have sustained damages from Defendant's unlawful conduct.

20. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained competent litigation counsel. Plaintiffs have no interests that are antagonistic to, or in conflict with, the Members of the Class. Indeed, Plaintiffs' interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

21. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because the Class is so numerous that joinder of all Members is impracticable, and because the damages suffered by most of the individual Members of the Class are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Class to adequately address the wrongs complained of herein. Plaintiffs know of no impediments to the effective management of this action as a class action.

22. Common questions of law and fact predominate over questions which affect only individual Class Members. Among the questions of law and fact common to the Class are:

(i) whether Defendants are subject to the TCPA;

(ii) whether Defendants or a third party acting on Defendants' behalf transmitted unsolicited facsimiles to the members of the class;

(iii) whether Defendant's facsimiles were "advertisements" under the TCPA;

(iv) whether Defendant willfully or knowingly violated the TCPA;

(v) whether the Members of the Class are entitled to damages, and, if so, how much; and

(vi) whether the Members of the Class are entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

(a) Awarding Plaintiffs and the other Members of the Class statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) in the amount of $500.00 per violation;

(b) Awarding Plaintiffs and the other Members of the Class additional statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(C) in the amount of $1,000.00 per violation in the event that this Court finds that such violations were committed willfully or knowingly;

(c) Issuing an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendant from violating 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(3); and

(d) Awarding to Plaintiffs the costs and disbursements of this action, and reasonable attorney's fees, and such other and further relief as this Court deems just and proper.

Dated: November 18, 2011

Respectfully submitted,

s/ *P. Timothy Kelly*
P. Timothy Kelly
Penn. Bar ID 36843
MATTISE & KELLY, P.C.
Suite 400, SNB Plaza
108 North Washington Avenue
Scranton, Pennsylvania 18503
Tel.: (570) 504-3200
Fax: (570) 504-3209
tim@mattise-kelly.com

Todd C. Bank
N.Y. Bar ID 2789527

(*pro hac vice* application to be filed upon docketing)
LAW OFFICE OF TODD C. BANK
119-40 Union Turnpike, Fourth Floor
Kew Gardens, New York 11415
Tel.: (718) 520-7125
Fax: (856) 997-9193
tblaw101@aol.com

Daniel A. Osborn
N.Y. Bar ID 2429611
(*pro hac vice* application to be filed upon docketing)
OSBORN LAW PC
295 Madison Avenue, 39th Floor
New York, New York 10017
Tel.: (212) 725-9800
Fax: (212) 725-9808
dosborn@osbornlawpc.com

*Counsel to Plaintiffs*