**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ARI WEITZNER and ARI WEITZNER,
M.D., P.C., Individually and on Behalf of
All Others Similarly Situated,

        Plaintiffs,

            v.

SANOFI PASTEUR, INC. formerly known
as AVENTIS PASTEUR INC., and
VAXSERVE, INC., formerly known as
VACCESS AMERICA INC.

        Defendants.

CIVIL ACTION NO. 3:11-cv-2198

(JUDGE CAPUTO)

**MEMORANDUM**

Presently before the Court is the Defendants' Motion for Abstention, or, in the Alternative, to Dismiss, or, in the Alternative, to Stay Proceedings. (Doc. 20.) This matter is a putative class action seeking compensation for facsimile advertisements sent without prior express invitation in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(C). As the state court analogue is no longer a putative class action like the instant matter, the Court finds it substantially incongruent to be considered a parallel action and will decline to exercise *Colorado River* abstention. Moreover, the state court decision not to grant class certification will not be given res judicata effect as it was not a final decision on the merits. The Court will also reject the Defendants' statute of limitations argument as this action is not untimely on the face of the Complaint. Finally, the Court does not find any compelling reason to stay this matter pending the Third Circuit's rehearing in *Landsman & Funk PC v. Skinder-Strauss Associates*, 640 F.3d 72 (3d Cir. 2011) *reh'g en banc granted*, 650 F.3d 311 (3d Cir. 2011). Thus, the Defendants' Motion will be denied.

**BACKGROUND**

The matter before the Court is a class action lawsuit for facsimiles allegedly sent in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(C). Specifically, Plaintiff Ari Weitzner, a physician who practices in Brooklyn, New York, and Plaintiff Ari Weitzner, M.D., P.C., a professional corporation practicing at the same address, have filed this action, on behalf of themselves and others similarly situated, against Sanofi Pasteur, Inc. (formerly known as Aventis Pasteur Inc.), and Vaxserve, Inc. (formerly known as Vaccess America, Inc.).[1]  While the Complaint pled diversity jurisdiction pursuant to the Class Action Fairness Act of 2005,[2] in light of the Supreme Court's holding in *Mims v. Arrow Financial Services LLC*, 132 S. Ct. 740, 747 (2012), the Court now has federal question jurisdiction under 28 U.S.C. § 1331.

The Plaintiffs claim that, beginning on April 21, 2004, the Defendants transmitted more than 10,000 facsimile advertisements to them and other members of the class. (Compl. at ¶¶ 10-11, Doc. 1.)  Plaintiffs contend that they and the class members are entitled to statutory damages under the TCPA as these advertisements were sent without prior express invitation.  Specifically, they bring this claim "on behalf of all persons or entities (i) whose facsimile numbers were licensed, rented or purchased by defendants Vaxserve or Sanofi from List Strategies, Inc., (ii) whose facsimile numbers did not exist in

---

[1]Defendants clarify that VaxServe is a wholly owned subsidiary of Sanofi Pasteur Inc.  (Defs.' Br. at 11, Doc. 21.)

[2]The Class Action Fairness Act requires that "the aggregate amount in controversy exceeds $ 5,000,000, the parties are minimally diverse, and the members of all proposed plaintiff classes are equal to or greater than 100 in number."  *Farina v. Nokia, Inc.*, 625 F.3d 97, 110 (3d Cir. 2010); 28 U.S.C. § 1332(d).

defendants' database on the date of defendants' receipt thereof from List Strategies, Inc.; and (iii) who received an unsolicited facsimile advertisement transmitted to them on behalf of defendants by VisonLab, Inc., Westfax, Inc. or Velofax LLP between February 14, 2005, and the date of the resolution of this lawsuit." (*Id.* at ¶ 1.)  Plaintiffs and the class are seeking statutory damages, injunctive relief, attorneys' fees, and costs.

On February 14, 2005, Plaintiff Ari Weitzner filed a similar suit in the Common Pleas Court of Lackawanna County, Pennsylvania. *Weitzner v. Vaccess Am. Inc.* (*Weitzner I*), 5 Pa. D. & C. 5th 95 (Pa. Com. Pl. 2008).  That action, initiated by Ari Weitzner individually and on behalf of himself and others similarly situated, was against the same two Defendants for the same "voluminous unsolicited advertisements via facsimile transmission . . . allegedly in violation of the TCPA." *Id.* at 97.  While that class was also comprised of those "who received unsolicited facsimile advertisements from the Defendants," that class period began earlier, on January 2, 2001. *Id.*  On June 27, 2008, in deciding a motion for summary judgment, the Common Pleas Court determined that Weitzner could not "fairly and adequately represent the class and protect the interests of the class due to his unique factual handicap." *Id.* at 119.  Therefore, while Weitzner was allowed to pursue his claim as an individual, he could not act "as a representative plaintiff on behalf of others' interests." *Id.* at 122.  Weitzner's individual action still appears to be pending before the Common Pleas Court.

The instant Complaint was filed in the Middle District on November 26, 2011.  On February 6, 2012, the Defendants filed a motion to either abstain, dismiss, or stay the proceedings, arguing that: (1) pursuant to *Colorado River* abstention, the Court should abstain from this matter in light of a parallel state court proceeding; (2) the Complaint should

3

be dismissed for res judicata as Plaintiffs' claims have been previously adjudicated in the Lackawanna County Court of Common Pleas; (3) the Complaint should be dismissed for being untimely under the statute of limitations; and (4) the action should be stayed pending the Third Circuit's revised decision in *Landsman & Funk PC v. Skinder-Strauss Associates*, 640 F.3d 72 (3d Cir. 2011) *reh'g en banc granted*, 650 F.3d 311 (3d Cir. 2011).  This Motion has been fully briefed, and on April 26, 2012, oral argument was held before the Court.  The issue is now ripe for the Court's determination.

## DISCUSSION

### I.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether a plaintiff will ultimately prevail.  *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Detailed factual allegations are not required. *Twombly,* 550 U.S. at 555.  However, mere conclusory

4

statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.*

As such, the inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the

motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

## II. Analysis

The Telephone Consumer Protection Act ("TCPA") makes it unlawful "to send, to a telephone facsimile machine, an unsolicited advertisement," unless certain statutory exemptions apply. 47 U.S.C. § 227(b)(1). The TCPA confers a private right of action to enjoin such violations and to recover the greater of $500 or the "actual monetary loss." *Id.* at §§ 227(b)(3)(A) and (B). However, this monetary recovery may be increased, up to triple this baseline amount, "[i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection." *Id.* at § 227(b)(3).

The TCPA explicitly states that such private actions are to be brought, "if otherwise permitted by the laws or rules of court of a State, . . . in an appropriate court of that State." *Id.* at § 227(b)(3). While the intent of the TCPA was "to facilitate interstate commerce by restricting certain uses of facsimile ([f]ax) machines and automatic dialers," it more specifically aimed to "fill the gaps between individual states' regulatory efforts, since '[s]tates do not have the jurisdiction to protect their citizens against those who use [automated dialing] machines to place interstate telephone calls.'" *Landsman & Funk PC v. Skinder-Strauss Associates*, 640 F.3d 72, 77 (3d Cir. 2011) *reh'g en banc granted*, 650 F.3d 311 (3d Cir. 2011) (quoting S. Rep. No. 102-178, at 1, 4 (1991)). From this intent and its explicit design, "[t]he TCPA 'presents an unusual constellation of statutory features': 'the

6

express creation of a private right of action, an express jurisdictional grant to state courts to entertain them, and silence as to federal court jurisdiction of private actions.'" *Id.* at 77 (quoting *Chair King v. Houston Cellular Corp.*, 131 F.3d 507, 512 (5th Cir. 1997)).  From this, the Third Circuit originally interpreted the TCPA as lacking federal question jurisdiction, *Erienet, Inc. v. Velocity Net*, 156 F.3d 513, 520 (3d Cir. 1998), though it later concluded that a private right of action could be had under the TCPA in federal court pursuant to diversity jurisdiction, *Landsman*, 640 F.3d at 75.  However, since the filing of Plaintiffs' Complaint, the Supreme Court has clarified that "Congress did not deprive federal courts of federal-question jurisdiction over private TCPA suits." *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740, 747 (2012).  Therefore, it is now clear that a violation of the TCPA may be brought in a federal district court pursuant to federal question jurisdiction.

In light of the law governing the TCPA, the Court will now address the Defendants' four arguments below.

### A.      Colorado River Doctrine

District courts generally have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  As such, *Colorado River* abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14 (1983) (quoting *Colo. River*, 424 U.S. at 813).  However, this brand of abstention "allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding.*" Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299 (3d Cir. 2009).  Such abstention is based on "principles of '[w]ise judicial

administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Nat'l City Mortg. Co. v. Stephen*, 647 F.3d 78, 83 (3d Cir. 2011) (quoting *Trent v. Dial Medical*, 33 F.3d 217, 223 (3d Cir. 1994)).

The first step in determining whether *Colorado River* abstention is appropriate is to determine if there exists a parallel state court proceeding. *Yang v. Tsui*, 416 F.3d 199, 205 n.5 (3d Cir. 2005) (citation omitted). "Parallel cases involve the same parties and 'substantially identical' claims, raising 'nearly identical allegations and issues.'" *Id.* (quoting *Timoney v. Upper Merion Twp.*, 66 Fed. Appx. 403, 405 (3d Cir. 2003)). "In the Third Circuit, 'it is important . . . that only truly duplicative proceedings be avoided. When the claims, parties or requested relief differ, deference may not be appropriate.'" *Ins. Newsnet.com, Inc. v. Pardine*, 1:11-CV-00286, 2011 WL 2461960, at *2 (M.D. Pa. June 17, 2011) (quoting *Complaint of Bankers Trust Co. v. Chatterjee*, 636 F.2d 37, 40 (3d Cir.1980)). When deciding whether an action is parallel, "the issue is whether the state case, 'as it currently *exists*, is a parallel, state-court proceeding.'" *Peerless Heater Co. v. Chevron Chem. Co.*, CIV.A. 97-CV-3128, 1998 WL 195706, at *2 (E.D. Pa. Mar. 27, 1998) (emphasis in original) (quoting *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 31 (6th Cir.1984)); *Cent. States Indus. Supply Inc. v. McCullough*, 218 F. Supp. 2d 1073, 1087 (N.D. Iowa 2002) (noting that parallelism looks to the proceedings as they "currently exist" and "where the state court could not afford some of the relief available in the federal forum, the federal court should not abstain." (citation omitted)).

Once proceedings are deemed to be parallel, a court shall then consider "whether 'extraordinary circumstances' meriting abstention are present." *Nationwide*, 571 F.3d at 308

8

(citing *Spring City Corp. v. American Bldgs. Co.*, 193 F.3d 165, 171 (3d Cir. 1999)).

Extraordinary circumstances are resolved through considering:

> (1) Which court first assumed jurisdiction over property involved, if any;
> (2) Whether the federal forum is inconvenient;
> (3) The desirability of avoiding piecemeal litigation;
> (4) The order in which the respective courts obtained jurisdiction;
> (5) Whether federal or state law applies; and
> (6) Whether the state court proceeding would adequately protect the federal plaintiff's rights.

*Trent v. Dial Medical*, 33 F.3d 217, 225 (3d Cir. 1994) (citing *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 15-16).   However, *Colorado River* abstention is rarely exercised as "the pendency of proceedings in state court does not normally bar litigation in federal court of the same issues."  *Stephen*, 647 F.3d at 84 (citation omitted).

Colorado River abstention is generally appropriate where identical class actions are proceeding simultaneously in the state and federal courts.  *Trent v. Dial Medical* was an instance of such dueling class actions, concerning dialysis patients who alleged aluminum poisoning due to the defendants' medical equipment.  33 F.3d 217, 219 (3d Cir. 1994).  In particular, the federal court plaintiff filed his class action complaint after a third party had previously filed an analogous class action in state court.  *Id.*  The district court denied class certification and *sua sponte* decided to abstain under *Colorado River.  Id.* at 220.  Noting that "cases are parallel so as to justify abstention under *Colorado River* when they involve the same parties and claims," *Id.* at 223, the Third Circuit agreed that the two class actions were sufficiently parallel as they "raise[d] nearly identical allegations and issues" and as they plaintiffs and defendants were effectively identical.  *Id.* at 224.  Similarly, in another case where state and federal putative class actions were "identically composed" and the

claims "raise[d] very similar sets of substantive issues," the classes were also held sufficiently parallel for *Colorado River* abstention.  *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1170 (C.D. Cal. 2008).  In both of the above cases, the federal action and the state action were comprised of essentially analogous class actions.

Here, the pending class action is substantially incongruent with the state action which contains only Weitzner's individual claim.  It is true that *Colorado River* abstention can exist where the parties in the concurrent state and federal proceedings are not completely identical as only substantial identity is necessary.  *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 306 (3d Cir. 2006).  However, while the Defendants are identical in the two actions, the state action involves just one plaintiff: Ari Weitzner.  Conversely, the proposed class in the action currently before the Court will involve a spectrum of parties "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a).  The mere fact that a highly similar issue is pending in state court does not bar a federal court from taking up the issue, especially where the parties are so widely disparate. "The general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which point that judgment may create a res judicata or collateral estoppel effect on the other action."  *Spring City Corp. v. American Bldgs. Co.*, 193 F.3d 165, 172 (3d Cir. 1999) (quoting *University of Md. v. Peat Marwick Main & Co.*, 923 F.2d 265, 275-56 (3d Cir.  1991).  Therefore, looking to the identity of the parties in these two concurrent actions, the threshold inquiry for *Colorado River* abstention is simply not met.  However, this would be a much more difficult determination if the putative class is ultimately not certified as that would more closely align the identity of the parties in the two actions.  *See e.g. Winfield v. Citibank, N.A.*, ---

10

F.Supp.2d ----, 10 CIV. 7304 JGK, 2012 WL 266887, at *8 (S.D.N.Y. Jan. 30, 2012) (finding *Colorado River* abstention premature where the state class had not yet been certified and the district court had not been asked to certify a "potentially duplicative" class).  Yet, at this stage, *Colorado River* abstention fails at the threshold inquiry and it is not necessary to analyze whether extraordinary circumstances meriting abstention are present.

### B.    Res Judicata

"Claim preclusion, or res judicata, is a defense asserted when a case is essentially identical to one that has previously been adjudicated." *R & J Holding Co. v. Redevelopment Auth. of County of Montgomery*, 670 F.3d 420, 427 (3d Cir. 2011).  Though an affirmative defense, res judicata may be raised by in a motion to dismiss. *Robinson v. Johnson*, 313 F.3d 128, 135 n.3 (3d Cir. 2002) (citing *Williams v. Murdoch*, 330 F.2d 745, 749 (3d Cir.1964)).  A federal court is directed to "give the same preclusive effect to the judgment in the common pleas court case that the courts in Pennsylvania, the state in which the judgment was entered, would give." *Turner v. Crawford Square Apts. III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006).  As such, in Pennsylvania, claim preclusion requires that the present and former action share: "(1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued." *R&J Holding*, 670 F.3d at 427 (citation omitted).  "Res judicata applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action." *Id.* (quoting *Balent v. City of Wilkes–Barre*, 669 A.2d 309, 313 (Pa. 1995)).  Of course, for claim preclusion to apply, an earlier decision must be a "final, valid judgment on the merits by a court of competent jurisdiction." *Balent*, 669 A.2d at 313.

11

Common Pleas Judge Minora's June 27, 2008 Opinion holding that Weitzner could not proceed as a class representative and only as a individual was not a decision on the merits and does not warrant res judicata.  This is because orders refusing to certify a class action are not decisions made on the merits.[3]  Pennsylvania Rule of Civil Procedure 1710 expressly considers that an order "certifying, refusing to certify or revoking a certification of a class action" is one made "*before* a decision on the merits."  Pa. R.C.P. No. 1710 (emphasis added).  "Whether a suit should proceed as a class action is independent of the question whether plaintiffs have stated a cause of action or whether they can prevail on the merits."  *Piltzer v. Independence Federal Sav. & Loan Asso.*, 456 Pa. 402, 405 (Pa. 1974); *Basile v. H&R Block, Inc.*, 601 Pa. 392, 400 (Pa. 2009) (holding that a reversal of summary judgment rendered no decision on the merits in the trial court notwithstanding its decision to certify the certify the proposed class).

Moreover, "Pennsylvania law regarding claim preclusion essentially mirrors the federal doctrine," *Laychock v. Wells Fargo Home Mortg.*, 399 Fed. Appx. 716, 718-19 (3d Cir. 2010), and federal courts would arrive at the same conclusion.  Under the Federal Rules, federal courts also "retain[] the authority to re-define or decertify the class until the entry of final judgment on the merits."  *Clarke v. Lane*, 267 F.R.D. 180, 194 (E.D. Pa. 2010) (quoting *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 793 n.14 (3d Cir. 1995)); *Lightfoot v. District of Columbia*, 273 F.R.D. 314, 323 n.6 (D.D.C. 2011) (noting

---

[3]The Court notes that Judge Minora was not specifically presented with a motion for class certification.  Instead, Judge Minora was presented with a motion for summary judgment challenging Weitzner as a suitable class representative and a motion to amend the complaint to redefine the class nationally.  *Weitzner I*, 5 Pa. D. & C. 5th at 107.  However, at oral argument, Counsel for the Plaintiffs acknowledged that the practical import of Judge Minora's opinion was to foreclose Weitzner's class action claim.

that "district courts must refrain from making determinations on the merits that are unnecessary to resolving the class certification question."); *Phelps v. 3PD, Inc.*, 261 F.R.D. 548, 556 (D. Or. 2009) ("It is important to reiterate that a decision on class certification is not a decision on the merits of the claims.").

In support of their position, Defendants cite *International Prisoners' Union v. Rizzo,* 356 F. Supp. 806 (E.D. Pa. 1973), but that case is unhelpful to their position. *Rizzo* is easily distinguishable as it concerned a putative class of prisoners who had "already had a full blown [class action] trial on the merits." *Id.* at 809. Here, Common Pleas Judge Minora merely determined, in pertinent part, that "for reasons of extraterritoriality and interstate law-making, [he would] certify only a class for plaintiffs within the Commonwealth of Pennsylvania," and that Weitzner was inadequate to represent such a class. *Weitzner I*, 5 Pa. D. & C. 5th at 113, 119.   As noted above, such determinations about class certification are independent as to whether the plaintiff can actually recover on the merits. Instead, as the Defendants acknowledge, "the legal issue implicated in a res judicata analysis . . . is the substantive claim of whether Defendants violated the TCPA." (Defs.' Reply Br. at 11, Doc. 23.)   Thus, there has been no decision on the merits since the question of TCPA liability has not been decided in the state court.

Finally, Judge Minora's order precluding Weitzner's class action was also not final, which would also be necessary for res judicata to apply.  "A final order is one which ends the litigation, or alternatively, disposes of the entire case." *Piltzer v. Independence Federal Sav. & Loan Asso.*, 456 Pa. 402, 404 (Pa. 1974).  Further, the Note to Pennsylvania Rules of Appellate Procedure Rule 341 explicitly states that "an order denying class certification in a class action case" is "no longer appealable as final orders pursuant to Rule 341" but

may be considered as an interlocutory or collateral order.  Therefore, Judge Minora's Order was also not sufficiently final for res judicata to apply.

Therefore, since there has been no final, valid judgment on the merits, res judicata does not apply to Judge Minora's June 27, 2008 Order.

## C.    Statute of Limitations

Defendants argue that the Plaintiffs' claims are barred by the statute of limitations on the face of the Complaint.  Technically, a statute of limitations defense "must be raised in the answer, since Rule 12(b) does not permit it to be raised by motion."  *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002).  However, in the Third Circuit, a statute of limitations defense may be raised in a Rule 12(b)(6) motion only where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."  *Id.*  (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir.1975)).  This so-called "Third Circuit Rule" is only appropriate "where, on the face of the complaint, a court can determine that the claims contained in it are untimely."  *Byrne v. Cleveland Clinic*, 684 F.Supp.2d 641, 658 n.17 (E.D. Pa. 2010) (citing *Zankel v. Temple Univ.*, 245 Fed. Appx. 196, 198 (3d Cir. 2007)).

Defendants allege that, even with the longer four-year statue of limitations period prescribed under federal law,[4] Plaintiffs' claims must fail as the Complaint only avers that

---

[4]28 U.S.C. § 1658 provides a catchall statute of limitations period of four years for Acts of Congress not otherwise provided for by law.  Because of its language deferring to state law, courts have construed the TCPA as adopting the relevant state statutes of limitations, which in this case would be two years.  *See Giovanniello v. ALM Media, LLC*, 660 F.3d 587, 593 (2d Cir. 2011).  However, following the Supreme Court's discussion of the TCPA in *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012), at least one court in this Circuit has held that Section 1658's statutory period applies.  *See Hawk Valley, Inc. v. Taylor*, 10-CV-00804, 2012 WL 1079965, at *7 (E.D. Pa. Mar. 30, 2012) (holding that a

"[b]eginning at least as early as April 21, 2004, Defendants transmitted more than 10,000 facsimiles to Plaintiffs and the other members of the Class." (Compl. at ¶ 10, Doc. 1.) The Defendants believe this averment is factually devoid to support a plausible claim within the statute of limitations, and argue that the "Plaintiffs have not alleged a facsimile advertisement transmission other than the earliest date of April 21, 2004." (Defs.' Br. at 47, Doc. 21.)

The Court concludes that the "Third Circuit Rule" does not apply here as it is not clear from the face of the Complaint that the statute of limitations precludes this action. Instead, the Complaint explicitly states that the Defendants sent "more than 10,000 facsimiles" beginning "as early as April 21, 2004." (Compl. at ¶ 10, Doc. 1.) Though admittedly ambiguous, where "the face of the pleadings does not unequivocally reveal whether a cause of action has been commenced within the limitations period, the Court may not dismiss the claim on a Rule 12 motion." *Knit With v. Knitting Fever, Inc.*, CIV.A. Nos. 08-4221, 08-4775, 2011 WL 891871, at *15 (E.D. Pa. Mar. 10, 2011) (citing Robinson 313 F.3d at 135); *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) ("If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)."). Therefore, as it is not clear from the face of the Complaint that the statute of limitations bars the current action, it is not appropriate to dismiss on this ground, and the Court will not address at this time the issue of *American Pipe* Tolling. *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974).

---

"TCPA claim is subject to the federal four-year 'catch-all' statute of limitations").

**D.      Stay Pending the Third Circuit's Decision in *Landsman***

The Defendants' final argument is that the Court should stay these proceedings pending the Third Circuit's rehearing of its decision in *Landsman & Funk PC v. Skinder-Strauss Associates*, 640 F.3d 72 (3d Cir. 2011) *reh'g en banc granted*, 650 F.3d 311 (3d Cir. 2011).

"Incidental to a trial court's power to schedule disposition of the cases on its docket is the power to stay those proceedings before it 'so as to promote fair and efficient adjudication.'" *Hertz Corp. v. The Gator Corp.*, 250 F. Supp. 2d 421, 424 (D.N.J. 2003) (quoting *United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994)).  In determining whether a stay would be fair and efficient, courts will look to factors including: "(1) the length of the requested stay; (2) the 'hardship or inequity' that the movant would face in going forward with the litigation; (3) the injury that a stay would inflict upon the non-movant; (4) whether a stay will simplify issues and promote judicial economy." *Pa. State Troopers Ass'n v. Pawlowski*, 1:09-CV-1748, 2011 WL 9114, at *1 (M.D. Pa. Jan. 3, 2011); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (noting that the imposition of a stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").  "The party seeking the stay must demonstrate 'a clear case of hardship or inequity, if there is even a fair possibility that the stay would work damage on another party.'" *Hertz*, 250 F. Supp. 2d at 424-25 (quoting *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1076 (3d Cir. 1983)).

In *Landsman*, the Third Circuit held, in pertinent part, that although its earlier holding in *ErieNet* precluded federal question jurisdiction for the TCPA, a federal court could hear

16

an individual TCPA claim properly before it pursuant to diversity jurisdiction.  *Landsman*,

640 F.3d at 75.  *Landsman* also determined that the TCPA, as a federal statute, required

no choice of law analysis, and that the district court had erred in considering state law[5] in

analyzing the viability of a TCPA class action since the plaintiffs were authorized "to

maintain a class action as long as Rule 23's prerequisites are met."  *Id.* at 91.  However, on

May 17, 2011, the Third Circuit granted a rehearing en banc on the matter.  *Landsman &*

*Funk PC v. Skinder-Strauss Assocs.*, 650 F.3d 311 (3d Cir. 2011).  Later, on June 27, 2011,

the Third Circuit elected to postpone its rehearing in light of the Supreme Court's grant of

certiorari in *Mims v. Arrow Fin. Servs., LLC*.  131 S. Ct. 3063 (2011).  On January 18, 2012,

the Supreme Court decided *Mims*, holding that "Congress did not deprive federal courts of

federal-question jurisdiction over private TCPA suits."  *Mims v. Arrow Fin. Servs. LLC*, 132

S. Ct. 740, 747 (2012).

Defendants now request that the Court stay this action pending the Third Circuit's

revised opinion in *Landsman*.  They argue that "[c]ontrolling law in TCPA cases is evolving,

and the decisions in *Mims* and *Landsman* will undoubtedly have a substantial impact on any

case proceeding under the TCPA." (Defs.' Br. at 53, Doc. 21.)  In fact, one court within this

Circuit has taken this exact approach, finding that "if the Third Circuit en banc panel in

*Landsman* concludes that a choice-of-law analysis is appropriate and affirms the district

---

[5]In particular, the district court had determined that New York's Civil Practice Law
and Rules § 901(b) was substantive in the choice of law analysis, and that it therefore
precluded the plaintiffs from pursuing "class claims seeking aggregated statutory
damages."  *Landsman*, 640 F.3d at 91.  The Third Circuit found that this was a direct
violation of *Shady Grove*, where "the Supreme Court held that § 901(b) 'cannot apply in
diversity suits' in federal court; rather, Rule 23 controls."  *Id.* at 92 n.27 (quoting *Shady
Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1437 (2010)).

judge's ruling that New York law bars TCPA class actions, this case would be dismissed."

*Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, CIV. 11-0011, 2011 WL 4056318, at *2 (D.N.J. Sept. 12, 2011).

There is, however, no indication that the holding in *Mims* will result in a revised opinion in *Landsman* that will have a material effect on this matter.  *Mims* merely determined that "federal law creates the right of action and provides the rules of decision" for the TCPA.  *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740, 748 (2012).  This holding only supports the determination in *Landsman* that Federal Rule of Civil Procedure Rule 23, as opposed to state law, controls the implementation of a TCPA class action under diversity jurisdiction.  *Landsman*, 640 F.3d at 91.  Therefore, now that the TCPA has recognized federal question jurisdiction, there is no room for a court to determine that any state class action law could preclude the application of Rule 23 to a TCPA class action.[6]  Moreover, a very recent Third Circuit decision affirmed that, in light of *Shady Grove*, there is "no room" for such an argument as "any supposed substantive purpose underling [the competing state law] is irrelevant" as "Rule 23 'really regulates procedure" and, moreover, "class certification does not implicate the Rules Enabling Act."  *Knepper v. Rite Aid Corp.*, --- F.3d ----, 2012 WL 1003515, at *12 (3d Cir. Jan. 12, 2012) (citing *Shady Grove Orthopedic Assocs., P.A.*

---

[6] *Mims* also suggested that the TCPA's mysterious language about claims needing to be "otherwise permitted by the laws or rules of court of a State," 47 U.S.C. § 227(b)(3), reflected a desire by Congress to give "States leeway they would otherwise lack to 'decide for [themselves] whether to entertain claims under the [TCPA].'"  *Mims*, 132 S. Ct. at 751 (quoting *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005)); *see also*, *Hawk Valley, Inc. v. Taylor*, 10-CV-00804, 2012 WL 1079965, at *10 (E.D. Pa. Mar. 30, 2012) ("*Mims* establishes that . . . the clause 'if otherwise permitted by the laws or rules of court of a State' in Section 227(b)(3) gives states the option to of closing their courts to private TCPA claims.").

*v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1437 (2010)).  While the Defendants are correct to note that–like many other areas–this area of law is evolving, there is simply no concrete suggestion that the rehearing in Landsman will produce any seismic shift.  Therefore, since a stay in this matter will not to simplify issues or promote judicial economy, it will be denied.

## CONCLUSION

The pending state court action does not, at this juncture, prevent the instant case from proceeding.  First, there is not a substantial identity between the two actions warranting the exercise of *Colorado River* abstention.  Secondly, the state court's decision not to certify the class action is not a final decision on the merits and is therefore not binding on this Court under res judicata.  Moreover, the Complaint should not be dismissed on statute of limitations grounds as it is not clear on its face that this action is clearly untimely.  Finally, the Court does not foresee that a revised decision in *Landsman* will have any substantial effect on this case, and will decline to stay the matter pending an outcome in that matter.  Therefore, the Defendants' Motion will be denied in full.  An appropriate Order follows.


 May 14, 2012                                                    /s/ A. Richard Caputo
Date                                                             A. Richard Caputo
                                                                 United States District Judge

24