# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARI WEITZNER and ARI WEITZNER, M.D., P.C., Individually and on Behalf of All Others Similarly Situated, | CIVIL ACTION NO. 3:11-cv-2198 |
| Plaintiffs, | (JUDGE CAPUTO) |
| v. | |
| SANOFI PASTEUR, INC. formerly known as AVENTIS PASTEUR INC., and VAXSERVE, INC., formerly known as VACCESS AMERICA INC. | |
| Defendants. | |

## MEMORANDUM

Presently before the Court are Defendants' Motion For Reconsideration and for Leave to Refile, Amend, and Supplement Defendants' Motion to Dismiss (Doc. 41) and Defendants' Motion for Sanctions (Doc. 47). This matter is a putative class action seeking compensation for receipt of facsimile advertisements sent without prior express invitation in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(C). Defendants seek reconsideration of the Court's Memorandum and Order, entered on May 14, 2012, denying Defendants' Motion to Stay the Proceedings pending decision by the Third Circuit Court of Appeals in *Landsman & Funk, P.C. v. Skinder-Strauss Associates* (Doc. 20). Defendants also seek leave to refile, amend, and supplement their earlier Motion to Dismiss (Doc. 20) in light of an alleged change in the controlling law. Because the Court does not find sufficient grounds for reconsideration of Defendants' motion to stay proceedings in light of *Landsman*, nor grounds to grant Defendants leave to refile, amend and supplement their prior motion to dismiss, Defendants' motion for reconsideration and

leave will be denied. Defendants' motion for sanctions will also be denied.

## **BACKGROUND**

The background of this case is set forth in the Court's May 14, 2012 Memorandum and Order denying Defendants' earlier motion to either abstain, dismiss, or stay the proceedings (Doc. 20). *Weitzner v. Sanofi Pasteur, Inc.*, No. 11-CV-2198, 2012 WL 1677340 (M.D. Pa., May 14, 2012). By way of review, the matter before the Court is a class action lawsuit concerning facsimiles allegedly sent in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(C). Specifically, Plaintiff Ari Weitzner, a physician who practices in Brooklyn, New York, and Plaintiff Ari Weitzner, M.D., P.C., a professional corporation practicing at the same address, have filed this action, on behalf of themselves and others similarly situated, against Sanofi Pasteur, Inc. (formerly known as Aventis Pasteur Inc.), and Vaxserve, Inc. (formerly known as Vaccess America, Inc.).[1] The TCPA provides for a private right of action, and it explicitly states that such private actions are to be brought, "if otherwise permitted by the laws or rules of court of a State, . . . in an appropriate court of that State." *Id.* at § 227(b)(3). Interpretation of the language in § 227(b)(3) has caused substantial confusion and discussion regarding both jurisdiction of federal courts to hear claims brought under the TCPA and whether state law places limitations on actions arising under this statute that are brought in federal court. While the

---

[1] Defendants clarify that VaxServe is a wholly owned subsidiary of Sanofi Pasteur Inc. (Defs.' Br. at 11, Doc. 21.)

Complaint pled diversity jurisdiction pursuant to the Class Action Fairness Act of 2005,[2] the Court found that in light of the Supreme Court's holding in *Mims v. Arrow Financial Services, LLC*, — U.S. —, 132 S. Ct. 740, 747 (2012), the Court had federal question jurisdiction under 28 U.S.C. § 1331.

On February 6, 2012, the Defendants filed their first motion, to either abstain, dismiss, or stay the proceedings (Doc. 20), arguing that: (1) pursuant to *Colorado River* abstention, the Court should abstain from exercising jurisdiction over this matter in light of a parallel state court proceeding; (2) the Complaint should be dismissed as Plaintiffs' claims have been previously adjudicated in the Lackawanna County Court of Common Pleas and are thus barred by *res judicata*; (3) the Complaint should be dismissed as untimely under the statute of limitations; and (4) the action should be stayed pending the Third Circuit's revised decision in *Landsman & Funk, P.C. v. Skinder-Strauss Associates*, 640 F.3d 72 (3d Cir. 2011) *reh'g en banc granted*, 650 F.3d 311 (3d Cir. 2011). The Court denied this motion in full. The Court declined to exercise *Colorado River* abstention, finding the state court analogue to be sufficiently incongruent to be considered parallel. *Weitzner*, 2012 WL1677349, at *4-5. In addition, because the state court decision not to grant class certification was not a final decision on the merits, the Court found that it should not be given *res judicata* effect. *Id.* at *6-7. The Court also rejected Defendants' statute of limitations argument. *Id.* at *7-8. Finally, the Court did not find any compelling reason to

---

[2] The Class Action Fairness Act requires that "the aggregate amount in controversy exceeds $ 5,000,000, the parties are minimally diverse, and the members of all proposed plaintiff classes are equal to or greater than 100 in number." *Farina v. Nokia, Inc.*, 625 F.3d 97, 110 (3d Cir. 2010); 28 U.S.C. § 1332(d).

stay the matter pending rehearing *en banc* in *Landsman*. *Id.* at *8-9.

Because Defendants rely on heavily on *Landsman* in support of their current motion, a brief overview of the case is provided below.[3] In *Landsman & Funk, P.C. v. Skinder–Strauss Associates*, 636 F. Supp. 2d 359 (D. N.J. 2009) (*"Landsman I"*), Judge Hayden granted defendant Skinder's motion to dismiss plaintiff Landsman & Funk, P.C.'s class action complaint alleging violations of the TCPA for sending it and others unsolicited advertisements via facsimile. *Id.* at 361. Landsman then filed an amended complaint, which defendant Skinder moved to dismiss for lack of subject matter jurisdiction. Judge Hayden determined that there was no federal-question jurisdiction for TCPA claims. *Id.* at 362–63. The court then analyzed whether it had jurisdiction to hear the case pursuant to its diversity jurisdiction, under 28 U.S.C. § 1332(d)(2) as amended by the Class Action Fairness Act of 2005. *Id.* at 363. Defendant Skinder argued that diversity jurisdiction was absent. After conducting a choice-of-law analysis pursuant to *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938), and the Restatement (Second) of Conflict of Laws, the court concluded that New York applied. As a result, because Landsman could not meet the $5,000,000 amount-in-controversy requirement of 28 U.S.C. § 1332(d) and since New York law does not recognize class actions premised on statutory damages, the court dismissed the case.

Landsman appealed, and the case was consolidated with two others from the District of New Jersey, *Goodrich Management Corp. v. Afgo Mechanical Services, Inc.*, No.

---

[3] This overview is based on Judge Hayden's description of the procedural background of the *Landsman* litigation in *Landsman & Funk, P.C. v. Skinder-Strauss Assoc.*, No. 08-3610, 2012 WL 6622120, at *1-3 (D. N.J. Dec. 19, 2012).

4

09–00043, 2009 WL 2602200 (D. N.J., Aug. 24, 2009) (Martini, J.) and *Goodrich Management Corp. v. Flierwire Inc.*, No. 08–5818 PGS, 2009 WL 3029758 (D.N.J. Sept. 22, 2009) (Sheridan, J.). The appellate panel first agreed that there was no federal-question jurisdiction. *Landsman & Funk P.C. v. Skinder–Strauss Assocs.*, 640 F.3d 72, 78 (3d Cir. 2011) ("[T]he TCPA has neither divested federal courts of diversity jurisdiction over private causes of action nor conferred on them federal question jurisdiction."). In Part F of its opinion, the panel held that this Court had erred by conducting a choice-of-law analysis, despite the absence of federal-question jurisdiction, because Landsman had sought relief under federal, not state, law. *Id.* at 91. The Third Circuit Court of Appeals explained that "there was no need for choice-of-law analysis under *Erie*" and that "under *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393, 130 S.Ct. 1431, 176 L.Ed.2d 311 (2010), federal law regarding class actions would be applied in federal courts, not state law." *Id.* (footnotes omitted). In footnote 27, the panel went on to explain its interpretation of the private-right-of-action clause:

> [W]e do not interpret § 227(b)(3)'s "if otherwise permitted by the laws or rules of court of a State" language to carve out TCPA claims from Rule 23's ambit.... This language deals with the threshold requirement of where and when TCPA suits can be brought. It basically authorizes a state to keep these claims out of state court, but it does not explicitly require the application of state law or direct federal courts to defer to state law in deciding whether a class action can be maintained.

*Id.* at 91 n. 27 (citations omitted). Since the panel interpreted New York Civil Practice Law Rule § 901(b)'s prohibition on statutory class actions to be inapplicable, the case was remanded for a determination of whether Rule 23's prerequisites had been satisfied. *Id.* at 92, 95.

Defendant Skinder sought rehearing *en banc*, which was granted. *Landsman & Funk*

*P.C. v. Skinder–Strauss Assocs.*, 650 F.3d 311 (3d Cir. 2011). However, before the rehearing was held, the Supreme Court issued its decision in *Mims v. Arrow Financial Services, LLC*, — U.S. —, 132 S. Ct. 740, 181 L. Ed. 2d 881 (2012), holding that "federal and state courts have concurrent jurisdiction over private suits arising under the TCPA," and therefore, that district courts can exercise federal question jurisdiction over TCPA claims. *Id*. at 745, 753.

After *Mims* was handed down from the Supreme Court, the Third Circuit Court of Appeals vacated its grant of rehearing *en banc*. The Court of Appeals explained:

> This Court having granted *en banc* rehearing of these cases in order to decide whether federal courts have jurisdiction over causes of action arising under the Telephone Consumer Protection Act, which has now been resolved in favor of federal jurisdiction. . . ; and the parties having raised additional arguments in supplemental briefing that this Court ordered in light of *Mims* that were not ruled upon by the District Court, It is ordered that the order of this Court dated May 17, 2011, granting *en banc* reargument of these cases, is hereby vacated. The opinion of this Court filed in these consolidated cases on April 4, 2011, is therefore reinstated to the extent it is consistent with *Mims*. The discussion of Rule 23's applicability to TCPA class actions filed in federal court at Section F of that opinion, including footnote 27, is wholly excepted from reinstatement and does not control subsequent proceedings. These consolidated cases are hereby remanded to the District Court for resolution of the effect that § 227(b)(3)'s "if otherwise permitted by laws or rules of court of a State" language has on such federal TCPA class actions, i.e., whether it subjects such action to state-law limitations that would apply to similar suits filed in state court and if so which ones. The District Court should consider the issue in light *Mims* and *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 130 S. Ct. 1431, 176 L. Ed. 2d 311 (2010). The District Court is free to consider all other nonjurisdictional issues that may properly be raised before it, as well.

Order, *Landsman & Funk, P.C. v. Skinder–Strauss Assocs.*, 09–3105, 2012 WL 2052685, at *1 (3d Cir. Apr.17, 2012) ("*Landsman* vacatur").

On remand, Judge Hayden reversed her earlier decision in *Landsman I,* concluding that plaintiff Landsman was "not precluded from bringing this class action complaint."

*Landsman & Funk, P.C. v. Skinder–Strauss Associates*, No. 08–3610, 2012 WL 6622120 at *1 (D. N.J. Dec.19, 2012) *reconsideration denied*, No. 08–3610, 2013 WL 466448 (D. N.J. Feb.8, 2013) ("*Landsman II*"). Citing *Mims* and *Shady Grove*, Judge Hayden denied the defendant's motion to dismiss, reasoning that "the state-law limitations ... have no application in this federal-question case in federal court. Federal law only applies, and Skinder has not otherwise suggested that the complaint fails to state a claim under federal law." *Id.* at *9.

In the present case, on May 28, 2012, Defendants filed their motion for reconsideration of the Court's denial of Defendants' motion to stay in light of the "Third Circuit's subsequent order and mandate remanding the case to the district court in *Landsman* for a determination of whether § 227(b)(3)'s language subjects federal TCPA class actions to state law limitations." (Doc. 42, 4.) Defendants argue that the Third Circuit Court of Appeals's April 17, 2012 mandate and order directly affect the decision rendered by the Court on May 14, 2012. Plaintiff filed a brief in opposition to Defendants' motion on June 11, 2012 (Doc. 44), and Defendants filed a reply brief on June 25, 2012 (Doc. 25). Thus, the issue is now ripe for the Court's determination.

## **DISCUSSION**

**I.     Legal Standard**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight (28) days of entry. Alternatively, when the reconsideration motion is not to amend or alter the judgment pursuant to Rule 59, Middle District of Pennsylvania Local Rule 7.10 allows

7

a party to seek reconsideration within fourteen (14) days of entry of an order. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985) (citation omitted). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 05-cv-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa.1999).

**II.     Analysis**

    **a.     Defendants' Motion for Reconsideration**

In support of their motion for reconsideration, Defendants argue that the *Landsman* vacatur represents an intervening change in controlling law. (Doc. 41, ¶¶ 23-25.) This is not the case. As noted above, the Court of Appeals clarified in the *Landsman* vacatur that the question of "whether federal courts have jurisdiction over causes of action arising under

the Telephone Consumer Protection Act . . . has now been resolved in favor of federal jurisdiction." *Landsman* vacatur, 09–3105, 2012 WL 2052685, at *1. In light of that information, the Court of Appeals specified that its initial opinion in *Landsman* was "reinstated to the extent it is consistent with *Mims.*" *Id.* However, the Court of Appeals explained that its discussion of Rule 23's applicability to TCPA class actions ("Part F" of the opinion), which was decided under the premise that diversity jurisdiction *but not* federal question jurisdiction was appropriate for such cases, was "wholly excepted from reinstatement and does not control subsequent proceedings." *Id.*

The *Landsman* vacatur did not supply the clear instructive value that Defendants anticipated,[4] and does not represent an intervening change in the controlling law. Defendants assert that the decision of the Third Circuit Court of Appeals not to reinstate Part F of its prior decision "directly affects the decision rendered by this Honorable Court" on May 14, 2012. (Doc 41 ¶ 29.) However, it is not clear how this is so. In the *Landsman* vacatur, the Court of Appeals specifically instructed Judge Hayden to consider the issue of whether § 227(b)(3)'s language subjects federal TCPA class actions to state law limitations that would apply to similar suits filed in state court. *Landsman* vacatur, 2012 WL 2052685, at *1. She was specifically instructed to "consider the issue in light of *Mims* and *Shady Grove*." *Id.* These instructions closely resemble the approach the Court took in analyzing whether to grant Defendants' motion to stay proceedings in the May 14, 2012 memorandum

---

4    In their initial motion to stay the proceedings, Defendants argued that "[a]s *Landsman* will provide the law in the Third Circuit given the decision in *Mims*, a stay pending the decision will clearly simplify the issues and promote judicial economy." (Doc 21, 46.)

9

and order. As Plaintiff indicates, at the time of its decision, the Court was aware that rehearing *en banc* had been granted by the Court of Appeals regarding the initial *Landsman* decision in *Landsman & Funk P.C. v. Skinder–Strauss Assocs.*, 640 F.3d 72, 78 (3d Cir. 2011), and that it had been subsequently postponed in light of the Supreme Court's grant of certiorari in *Mims*. *Weitzman*, 2012 WL 1677340, at *9.[5] Nonetheless, after considering *Mims*, the Court found that it had federal question jurisdiction over the case, and issued its memorandum and order in light of both *Mims* and *Shady Grove*. Therefore, Defendants' assertion that the *Landsman* vacatur directly affects the decision rendered by the Court does not automatically follow. If anything, the *Lansman* vacatur indicates that the Court applied the appropriate analytical framework in rendering its decision.

Although it may have been premature for the Court to conclude that "now that the TCPA has recognized federal question jurisdiction, there is no room for a court to determine that any state class action law could preclude the application of Rule 23 to a TCPA class action," *Weitzner*, 2012 WL 1677340, at *9, this alone does not constitute grounds for reconsideration as Defendants assert. Indeed, there was room for Judge Hayden, on remand in *Landsman*, to reach the conclusion that state law does not preclude the application of Rule 23 to TCPA class actions, in light of the procedural history of that case. However, operating under federal question jurisdiction, the Court addressed the issues before it in light of *Mims* and *Shady Grove*, and correctly predicted that subsequent opinions in *Landsman* would not dramatically alter the legal landscape in this area. Therefore,

---

[5] Although the Court's memorandum and order was technically entered after the Third Circuit Court of Appeals's vacatur of its order granting a rehearing *en banc*, the Court did not make reference to this order.

Defendants have failed to demonstrate that there has been an intervening change in the controlling law.

Significantly, Judge Hayden concluded on remand in *Landsman* that state law does not limit federal claims brought under the TCPA, as the Court predicted. In her opinion, she determined that state law does not govern the viability of TCPA claims in federal court, and that "a federal court addressing a federal law that serves an important federal interest would be remiss were it to hold that a plaintiff's claim must be dismissed because of state law." *Landsman II*, 2012 WL 6622120, at *6 (Dec. 19, 2012). The court explained that it could not "find the Third Circuit's remand order [a.k.a. the *Landsman* vacatur] as indicative of its interpretation, one way or another. Rather, the Court of Appeals wiped the slate clean and sought to have the district court assess the TCPA anew, taking *Mims* into consideration." *Id.* at *8. Moreover, as Judge Hayden noted, a strong consensus seems to be building post-*Mims*, that state class action law does not limit the application of Rule 23 to TCPA class action law suits:

> Several other courts post-*Minis* [sic] have come to the same conclusion. *See, e.g., Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, Civ. 11–00011, 2012 WL 4903269, at *7 (D. N.J. Oct.17, 2012) (Thompson, J.) ("In light of *Mims*, a case bolstering the previous *Shady Grove* opinion favoring application of Rule 23 in federal court unless specifically barred by Congress, this Court does not believe it appropriate to interpret the text of § 227(b)(3) as requiring a federal court to follow state law."); *Bank v. Spark Energy Holdings, LLC*, 4:11–CV–4082, 2012 WL 4097749, at *2 (S.D. Tex. Sept.13, 2012) (holding that C.P.L.R. § 901(b) did not bar the class action: "Since this Court has federal question jurisdiction over Plaintiffs claim, it need not conduct a choice-of-law analysis and instead applies federal law to Plaintiff's federal cause of action. Because federal law permits plaintiffs to bring TCPA claims as class action, the Court denies Defendants' motion to dismiss." (footnote omitted)); *Jackson's Five Star Catering, Inc. v. Beason*, 10–10010, 2012 WL 3205526, at *4 (E.D. Mich. July 26, 2012) (rejecting defendant's argument that Michigan's ban on statutory class actions barred the action: "A plain text reading of this statute shows that the phrase 'if otherwise permitted by the

11

> laws or rules of court of a State' is a limitation on actions '[brought] in an appropriate court of that State.' Section 227(b)(3) allows states to close their courthouse doors to actions that the Supremacy Clause would otherwise require them to maintain, but does not speak to actions brought in the federal courts and does not require that state substantive law and procedural rules be imported into federal actions." (citations omitted)); *Bailey v. Domino's Pizza, LLC*, 867 F. Supp. 2d 835, 841 (E.D. La., 2012) ("Section 227(b)(3) applies to TCPA claims brought in state court but by its plain language does not reach a TCPA claim brought in federal court under federal-question jurisdiction. Because § 227(b)(3) does not apply to a federal-court TCPA claim, it does not import Louisiana prescriptive law to displace the default four-year statute of limitations created by 28 U.S.C. § 1658."); *Hawk Valley, Inc. v. Taylor*, 10–CV–00804, 2012 WL 1079965, at *12 (E.D. Pa. Mar. 30, 2012) ("With *Mims*' characterization of the TCPA in mind, I cannot conclude that the words 'if otherwise permitted by the laws or rules of court of a State' . . . represent Congress's intent . . . to negate the applicability of Section 1658's four-year catch-all federal limitations period to private actions TCPA actions.")

*Landsman II*, 2012 WL 6622120, at *7. *See also*, *Fitzgerald v. Gann Law Books, Inc.*,— F. Supp. 2d — , No. 11–cv–428, 2013 WL 3892700, at *1 (D. N.J. July 29, 2013) ("Judges in this District have had occasion to examine this issue on several occasions. Applying U.S. Supreme Court precedent, those cases have uniformly held that Rule 23, not state law, governs the viability of a class action brought under TCPA in federal court. I agree.")

Furthermore, on August 8, 2013, the Second Circuit Court of Appeals clarified that in light of *Mims*, state law does not govern the statute of limitations for claims brought under the TCPA in federal court in *Giovanniello v. ALM Media, LLC*, No. 10-3854-cv, 2013 WL 4016567 (2d Cir. Aug. 8, 2013). The Second Circuit Court of Appeals explained that "*Mims* fundamentally shifts the way that we view section 227(b)(3)'s "if otherwise permitted" language." *Id.* at *4. More specifically, the Court of Appeals clarified that:

> *Mims* . . . suggests that to vindicate the significant federal interest reflected in the TCPA and to ensure uniformity, TCPA claims in federal court are not subject to the vagaries of state law. . . . *Mims* thus suggests that in enacting

12

> the TCPA, Congress merely enabled states to decide whether and how to spend their resources on TCPA enforcement. Such permission from Congress was necessary to avoid Supremacy Clause concerns. *See Mims*, 132 S. Ct. at 751 n. 12 (explaining that "[w]ithout the 'if otherwise permitted' language, there is little doubt that state courts would be obliged to hear TCPA claims" because of the Supremacy Clause) (citation omitted). Read in this way, section 227(b)(3)'s "if otherwise permitted" language plainly has limited effect and cannot be construed as requiring us to apply state limitations periods to TCPA claims in federal court.

*Id.* at *8.

The foregoing cases suggest that despite Defendants' arguments to the contrary, the *Landsman* vacatur has not spurred an "intervening change in controlling law." If anything, the alleged "seismic shift" in this area of law was precipitated by the Supreme Court's decision in *Mims*, holding that "Congress did not deprive federal courts of federal-question jurisdiction over private TCPA suits." 132 S. Ct. 740 at 747. This decision dramatically changed the framework for interpretation of § 227(b)(3). However, the Court's May 14, 2012 memorandum and order took this change into account. Although the *Landsman* vacatur provides an interesting snapshot of how *Mims* shifted the legal landscape regarding class actions under the TCPA brought in federal court with respect to the specific procedural history of that case, it does not demonstrate that there has been an intervening change in the controlling law that affects this case. Therefore, the Court will not grant reconsideration of the denial of Defendants' motion to stay proceedings.

**b. Defendants' Motion for Leave to Refile, Amend and Supplement their Motion to Dismiss**

Federal Rule of Civil Procedure 15(a) governs amendments and supplementation of pleadings. Under Rule 15(a), a party may amend its pleading after receiving leave of court, and the court should freely give leave when justice so requires. Fed. R. Civ. P.

13

15(a)(2). It is within the Court's discretion to grant or deny a request for leave to file an amended pleading. *Farmer v. Brennan*, 511 U.S. 825, 845, 114 S. Ct. 1970, 1983, 128 L. Ed. 2d 811 (1994). Furthermore, leave should be freely granted when doing so will promote the economic and speedy disposition of the whole case, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the case. *Id*.

Rule 15(d) governs the submission of supplemental pleadings. That rule provides that upon the motion of a party, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). A supplemental complaint thus "refers to events that occurred after the original pleading was filed" whereas an amendment to a complaint "covers matters that occurred before the filing of the original pleading but were overlooked at the time." *Owens–Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1188–89 (3d Cir.1979); *see also* Moore's Federal Practice 3d § 15.30 ("Rule 15(d) applies only to events that have occurred since the date of the filing of the pleading.").

The grant or denial of a motion for leave to amend or supplement is committed to the sound discretion of the District Court. *Cureton v. NCAA*, 252 F.3d 267, 272 (3d Cir. 2001). Rule 15(a) mandates that leave to amend "shall be freely given when justice so requires," however, if the amendment would be futile, it should not be permitted. *See Forman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1982). Further, "prejudice to the non-moving party is the touchstone" for denying leave to file an amended complaint. *Cornell & Co., Inc. v. OSHA Review Comm'n.*, 573 F.2d 820, 823 (3d Cir. 1978).

Defendants' request for leave to refile, amend, and supplement their initial motion

14

to dismiss to specifically address the effect that § 227(b)(3)'s "if otherwise permitted by the laws or rules of court of a State" language has on federal TCPA class actions. (Doc 42, 13.) Defendants reiterate "their belief and argument that state law limitations serve to bar a federal TCPA class action, even in light of the decision by the Supreme Court in *Mims*." (Doc. 41 ¶¶ 35, 40.) Because an intervening change in the law has not transpired since the Court denied Defendants' initial motion, Defendants' request for leave will be denied.

### c.     Defendants' Motion for Sanctions

Defendants move for sanctions against Plaintiffs for engaging in discovery before a Rule 26(f) conference was held, in violation of Federal Rule of Civil Procedure 26(d). (Doc. 47, ¶¶ 24, 28, 30.) Specifically, Defendants allege, and Plaintiffs agree, that Plaintiffs mailed to Defendants both a notice of subpoena for production of documents and the documents later received from List Strategies, Inc. (Doc 47, ¶¶ 16-17; Doc. 48, 2.) Plaintiffs acknowledge that "[i]n their haste to obtain discovery materials . . . Plaintiffs' counsel overlooked the fact that Rule 26 prohibits not just *party* discovery prior to a Rule 26(f) conference, but discovery from *any* source." (Doc. 48, 1.)

Rule 26(f) requires parties to "confer as soon as practicable" to consider "the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case" as well as additional matters pertinent to discovery. Fed. R. Civ. P. 26(f)(1) and (2). Rule 26(d) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d). Defendants request that the Court grant sanctions against Plaintiff under Local Rule 83.3.1, which provides that "[i]n the sound discretion of any judge of this court, after notice and an

15

opportunity to be heard, . . . sanctions may be imposed for failure to comply with any rule or order of court." Although Plaintiffs engaged in minimal discovery before a Rule 26(f) conference was held, given the fact that Defendants did not object to Plaintiffs' initial notice of subpoena for production of documents, and since neither party was prejudiced by Plaintiffs' actions, the Court will deny this motion for sanctions under Local Rule 83.3.1.

## **CONCLUSION**

Defendants have failed to demonstrate that the *Landsman* vacatur represents an intervening change in controlling law that warrants reconsideration of the Court's May 14, 2012 memorandum and order. Furthermore, the court will not grant Defendants' request for leave to refile, amend and supplement their initial motion to dismiss Plaintiff's complaint because the Court does not find that there has been an intervening change in the controlling law. Finally, the Court will deny Defendants' motion for sanctions. Therefore, both of the Defendants' Motions will be denied.

An appropriate Order follows.

| | |
|---|---|
| September 26, 2013 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |