UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARI WEITZNER and ARI WEITZNER, M.D., P.C., Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>SANOFI PASTEUR, INC., formerly known as AVENTIS PASTEUR INC., and VAXSERVE, INC., formerly known as VACCESS AMERICA, INC.,<br><br>*Defendants*. | 3:11-cv-02198-ARC |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS'
MOTION FOR DISMISSAL PURSUANT TO RULE 12(b)(1)
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

P. Timothy Kelly
Penn. Bar ID 36843
MATTISE & KELLY, P.C.
Suite 400, SNB Plaza
108 N. Washington Avenue
Scranton, PA 18503
Tel.: (570) 504-3200
Fax: (570) 504-3209
tim@mattise-kelly.com

Todd C. Bank
N.Y. Bar ID 2789527
(admitted *pro hac vice*)
LAW OFFICE OF
  TODD C. BANK
119-40 Union Turnpike
4th Floor
Kew Gardens, NY 11415
Tel.: (718) 520-7125
Fax: (856) 997-9193
tblaw101@aol.com

Daniel A. Osborn
N.Y. Bar ID 2429611
(admitted *pro hac vice*)
OSBORN LAW PC
295 Madison Avenue
39th Foor
New York, NY 10017
Tel.: (212) 725-9800
Fax: (212) 725-9808
dosborn@osbornlawpc.com

# <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

CASES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATUTES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.      DEFENDANTS' UNACCEPTED OFFERS OF JUDGMENT
        DID NOT MOOT PLAINTIFFS' INDIVIDUAL CLAIMS . . . . . . . . . . . . 4

        A.      Neither the Supreme Court Nor the Third Circuit Have Held
                That an Unaccepted Offer of Judgment for the Maximum
                Potential Recovery of a Plaintiff's Claims Moots Those Claims   . . . 4

        B.      In *Genesis Healthcare Corp. v. Symczyk*, the Four Justices
                Who Addressed the Question of Whether an Unaccepted
                Offer of Judgment for the Maximum Potential Recovery
                of a Named Plaintiff's Individual Claims Moots
                Those Claims Found That it Does Not . . . . . . . . . . . . . . . . . . . . . . . . 7

        C.      Post-*Genesis Healthcare* Cases Have Held That an
                Unaccepted Offer of Judgment for the Maximum
                Potential Recovery of a Named Plaintiff's Individual
                Claims Does Not Moot Those Claims  . . . . . . . . . . . . . . . . . . . . . . . 11

        D.      With Respect to the Non-Binding Cases That Defendants
                Rely Upon in Support of the Proposition That an Unaccepted
                Offer of Judgment for The Maximum Potential Recovery of
                a Named Plaintiff's Individual Claims Moots Those Claims,
                None of the Courts That Issued Those Opinions Was Presented
                With the Question of Whether That Proposition is Correct . . . . . . . 16

**Page**

**Table of Contents (*Cont'd*)**

II.   THE CLASS CLAIMS ARE NOT MOOT . . . . . . . . . . . . . . . . . . . . . . . . . 22

    A.   *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004),
         Which Held That the Mooting of a Named Plaintiff's
         Individual Claims Does Not Moot His Class Claims, Was
         Not Abrogated by *Genesis Healthcare Corp. v. Symczyk* . . . . . . . . 22

    B.   *Genesis Healthcare Corp. v. Symczyk* Did Not Abrogate
         the Third Circuit's Rule That the Relation-Back Doctrine
         Applies in Rule 23 Class Actions Regardless of Whether
         the Claims are 'Inherently Transitory' . . . . . . . . . . . . . . . . . . . . . . . 25

         (i)   In Indicating That the Relation-Back Doctrine Would
               Apply to an FLSA Collective Action in Which the
               Claims are 'Inherently Transitory,' *Genesis Healthcare*
               Did Not Suggest That the Claims in a Rule 23
               Class Action Must be 'Inherently Transitory' in
               Order for the Doctrine to Apply . . . . . . . . . . . . . . . . . . . . . . . 25

         (ii)  Plaintiffs' Interest in Sharing the Expenses of
                this Action With the Putative Class Members
                Satisfies the 'Case or Controversy' Requirement . . . . . . . . . 26

    C.   Numerous Post-*Genesis Healthcare* Cases
         Have Held That *Genesis Healthcare* Does
         Not Apply to Rule 23 Class Actions . . . . . . . . . . . . . . . . . . . . . . . . 29

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

# TABLE OF AUTHORITIES

**Page**

## CASES

*Alliance to End Repression v. City of Chicago*,
  820 F.2d 873 (7th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, n.9

*Alswager v. Rocky Mountain Instrumental Labs. Inc.*,
  474 F. App'x. 482 (7th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, n.9

*Bais Yaakov of Spring Valley v. Act, Inc.*,
  2013 WL 6596720 (D. Mass. Dec. 16, 2013) . . . . . . . . . . . . . . . . . . . . . . . 14-15

*Bank v. Spark Energy Holdings, LLC*,
  2013 U.S. Dist. LEXIS 150733 (S.D. Tex. Oct. 18, 2013) . . . . . . . . . 16, 18-19

*Califano v. Yamasaki*,
  442 U.S. 682 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23, n.10

*Canada v. Meracord, LLP*,
  2013 WL 2450631 (W.D. Wash. June 6, 2013) . . . . . . . . . . . . . . . . . . . . . 31, 32

*Chafin v. Chafin*,
  133 S. Ct. 1017, 1023 (2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

*City of Erie v. Pap's A.M.*,
  529 U.S. 277 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Craftwood II, Inc. v. Tomy Int'l, Inc.*,
  2013 WL 3756485 (C.D. Cal. July 15, 2013) . . . . . . . . . . . . . . . . . . . . 15, 31-32

*Damasco v. Clearwire Corp.*,
  662 F.3d 891 (7th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, n.9, 33, 34

*De Leon-Granados v. Eller and Sons Trees, Inc.*,
  497 F.3d 1214 (11th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Page

**Table of Authorities (Cases) (*Cont'd*)**

*Deposit Guaranty Nat'l Bank v. Roper*,
    445 U.S. 326 (1980) . . . . . . . . . . . . . . . . . 17, n.6, 27, 27, n.12, 28, 28, n.13, 30

*Ellis v. Edward D. Jones & Co., LP*,
    527 F. Supp. 2d 439 (W.D. Pa. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . 25, n.11

*Falls v. Silver Cross Hosp. & Med. Ctrs.*,
    2013 WL 2338154 1 (N.D. Ill. May 24, 2013) . . . . . . . . . . . . . . . . . . . . . . 30, 33

*Gates v. Towery*,
    430 F.3d 429 (7th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, n.9

*Genesis Healthcare Corp. v. Symczyk*,
    133 S. Ct. 1523 (2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Gomez v. Campbell–Ewald Co.*,
    805 F. Supp. 2d 923 (C.D. Cal. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

*Greisz v. Household Bank (Ill.), N.A.*,
    176 F.3d 1012 (7th Cir. 1999) . . . . . . . . . . . 13, n.4, 16, 17, 18, 18, n.7, 21, n.9

*Hoffmann-La Roche Inc. v. Sperling*,
    493 U.S. 165 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Holstein v. City of Chicago*,
    29 F.3d 1145 (7th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, n.9

*Keim v. ADF MidAtlantic*,
    2013 U.S. Dist. LEXIS 98373 (S.D. Fla. July 15, 2013) . . . . . . . . . . . 16, 20, 33

*Knox v. Serv. Employees Int'l Union*,
    132 S. Ct. 2277 (2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Krzykwa v. Phusion Projects, LLC*,
    920 F. Supp. 2d 1279 (S.D. Fla. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . 33, 34

Page

**Table of Authorities (Cases) (*Cont'd*)**

*Lewis* v. *Continental Bank Corp.*,
  494 U. S. 472 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28, n.13

*Lucero v. Bureau of Collection Recovery, Inc.*,
  639 F.3d 1239 (10th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*March v. Medicredit, Inc.*,
  No. 4:13-cv-01210-TIA (E.D. Mo. Dec. 4, 2013) . . . . . . . . . . . . . . . . . . . . 29

*Masters v. Wells Fargo Bank S. Central, N.A.*,
  2013 WL 3713492 (W.D. Tex. July 11, 2013) . . . . . . . . . . . . . . . 16, 19, 20, 33

*McCauley v. Trans Union, LLC*,
  402 F.3d 340 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6, n.1, 18, n.7

*Minneapolis & St. Louis R. Co.* v. *Columbus Rolling Mill*,
  119 U.S. 149 (1886) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*O'Brien v. Ed Donnelly Enters., Inc.*,
  575 F.3d 567 (6th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, n.7

*Pitts v. Terrible Herbst, Inc.*,
  653 F.3d 1081 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . 12, 22, n.9, 30, 31, 32

*Ramirez v. Trans Union, LLC*,
  2013 WL 3752591 (N.D. Cal. July 17, 2013) . . . . . . . . . . . . . . . . . . . . . . 30-31

*Rand v. Monsanto Co.*,
  926 F.2d 596 (7th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . 12, n.4, 17, n.6, 21, n.9

*Sandoz v. Cingular Wireless LLC*,
  553 F.3d 913 (5th Cir. 2008),
  *abrogated on other grounds*,
  *Genesis Healthcare Corp. v. Symczyk*,
  133 S. Ct. 1523 (2013) . . . . . . . . . . . . . . . . . 16, 17, 17, n.6, 19, n.8, 20, 22, n.9

**Page**

**Table of Authorities (Cases)** (*Cont'd*)

*Sandusky Wellness Center LLC v. Medtox Scientific, Inc.*,
   2013 WL 3771397 (D. Minn. July 18, 2013) . . . . . . . . . . . . . . . . . . . . 29, 29-30

*Scott v. Westlake Services, LLC*,
   2013 U.S. Dist. LEXIS 81120 (N.D. Ill. June 6, 2013) . . . . . 16, 20, 21, 21, n.9

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
   130 S. Ct. 1431 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23, n.10

*Sosna v. Iowa*, 419 U.S. 393, 402, n.11 (1975) . . . . . . . . . . . . . . . . . . . 7, 23, 26, 30

*Symczyk v. Genesis Healthcare Corp.*,
   656 F.3d 189 (3d Cir. 2011), *rev'd*,
*Genesis Healthcare Corp. v. Symczyk*,
   133 S. Ct. 1523 (2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-5, 5

*Thorogood v. Sears, Roebuck & Co.*,
   595 F.3d 750 (7th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, n.4

*United States Parole Comm'n v. Geraghty*,
   445 U.S. 388 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23, 26, 30

*Weiss v. Regal Collections*,
   385 F.3d 337 (3d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Zeidman v. J. Ray McDermott & Co.*,
   651 F.2d 1030 (5th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . 17, n.6, 19, n.8

**STATUTES**

29 U.S.C. § 201, *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

29 U.S.C. § 216(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, n.7, 24, 25

47 U.S.C. § 227 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 26, 29, 30, 32

**Page**

**Table of Authorities (Statutes) (*Cont'd*)**

Fed. R. Civ. P. 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23, n.10

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 11, 18, n.7, 19

Fed. R. Civ. P. 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Fed. R. Civ. P. 68 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARI WEITZNER and ARI WEITZNER, M.D., P.C., Individually and on Behalf of All Others Similarly Situated, <br><br> *Plaintiffs*, <br> v. <br><br> SANOFI PASTEUR, INC., formerly known as AVENTIS PASTEUR INC., and VAXSERVE, INC., formerly known as VACCESS AMERICA, INC., <br><br> *Defendants*. | 3:11-cv-02198-ARC |

## INTRODUCTION

Plaintiffs, Ari Weitzner and Ari Weitzner, M.D., P.C., by the undersigned counsel, submit this Brief in opposition to the motion of Defendants, Sanofi Pasteur, Inc., formerly known as Aventis Pasteur Inc., and VaxServe, Inc., formerly known as Vaccess America, Inc., to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## SUMMARY OF ARGUMENT

Defendants' position that the class claims in this action are moot is based upon the argument that the Supreme Court, in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013), abrogated *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004). It did not. In *Weiss*, the Third Circuit held that, under the relation-back doctrine, an

offer of judgment that moots a named plaintiff's *individual* claims in a class action does not moot the *class* claims as long as the plaintiff ultimately makes a motion for class certification in a timely manner, in which event the motion relates back to the filing of the complaint. As discussed below, *Weiss* remains the law in the Third Circuit.

Even if *Weiss* had been abrogated, Defendants' motion would still have to be denied, because it rests on the erroneous premise that an unaccepted offer of judgment, when made for the maximum potential recovery of a plaintiff's individual claims, moots those claims. *See* Point I. Defendants contend that *Genesis Healthcare* supports this proposition, but that is simply incorrect. Instead, the majority in *Genesis Healthcare* explicitly stated that the Court was *not* resolving that issue. Notably, the four dissenting justices *did* address it and found that an unaccepted offer of judgment does *not* moot a plaintiff's individual claims, and that the question of whether it does so is not even a close one.

The view of the four justices in *Genesis Healthcare* who addressed the individual-mootness issue was followed by *Diaz v. First American Home Buyers Protection Corp.*, 732 F.3d 948 (9th Cir. 2013), which is the only post-*Genesis Healthcare* circuit court to have addressed the issue. Although Defendants rely upon several cases, in addition to *Genesis Healthcare*, in support of their argument that Plaintiffs' individual claims are moot, each of those cases, just like the *Genesis Healthcare* majority, assumed that the individual claims at issue were moot without

actually deciding whether that was so.

Point II refutes Defendants' argument that the class claims are moot. That argument, in addition to resting upon the erroneous premise that Plaintiffs' individual claims are moot, also rests upon a second erroneous premise, which is that *Genesis Healthcare* abrogated the Third Circuit's holding, in *Weiss*, that the relation-back doctrine precludes the mootness of class claims even where those claims have been mooted by an unaccepted offer of judgment (*Weiss* also assumed, but did not decide, that an unaccepted offer of judgment for the maximum potential recovery of a plaintiff's individual claims moots those claims).

Unlike *Weiss*, *Genesis Healthcare* did not concern a Rule 23 class action. Instead, it concerned a 'collective action' under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201, *et seq.*; and the Court held that the assumed mootness of the named plaintiff's claim, which resulted from an unaccepted offer of judgment, also mooted the collective claims, *i.e.*, the claims of the unnamed plaintiffs. As set forth in Point II, numerous post-*Genesis Healthcare* cases have held that *Genesis Healthcare* does *not* apply to class actions that are brought under Rule 23 of the Federal Rules of Civil Procedure, as was the present case. Indeed, as these cases note, *Genesis Healthcare*, when explaining the reasoning for its holding, specifically *contrasted* the nature of FLSA collective actions with the nature of Rule 23 class actions. Consistent with this contrasting, the Court's suggestion that the relation-back doctrine would have

3

been applicable in an FLSA collective action if the claims had been 'inherently transitory' does not indicate that the claims in a Rule 23 action must also be 'inherently transitory' in order for the relation-back doctrine to apply.

Finally, and again without regard to whether the claims in a Rule 23 action are 'inherently transitory,' *Genesis Healthcare* reaffirmed that a named plaintiff whose individual claims have been mooted in a Rule 23 action continues to maintain an interest in sharing the expenses of the action with the putative class members and that, therefore, the named plaintiff may continue to seek certification of the class claims, which are not moot.

## **ARGUMENT**

### **POINT I**

#### **DEFENDANTS' UNACCEPTED OFFERS OF JUDGMENT DID NOT MOOT PLAINTIFFS' INDIVIDUAL CLAIMS**

**A.    Neither the Supreme Court Nor the Third Circuit Have Held That an Unaccepted Offer of Judgment for the Maximum Potential Recovery of a Plaintiff's Claims Moots Those Claims**

Defendants contend that "[a] Rule 68 offer of judgment which offers the maximum relief a plaintiff may recover moots plaintiff's claim(s) because the plaintiff no longer has a personal stake in the outcome of the litigation." Def. Br. at 8, citing, *inter alia*, *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013); *Symczyk v. Genesis Healthcare Corp.*, 656 F.3d 189 (3d Cir. 2011), *rev'd*, *Genesis Healthcare*,

*supra*; and *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004) (Defendants also cite several non-binding opinions, which Plaintiffs discuss in Point I(D), *infra*). However, none of these cases decided whether a plaintiff's claims are mooted by an unaccepted Rule 68 offer of judgment for the plaintiff's maximum potential recovery. First, in *Genesis Healthcare*, the Supreme Court explicitly stated that it was *not* resolving this issue, as the plaintiff had waived it before that Court, the Third Circuit, and the district court:

> While the Courts of Appeals disagree whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot [FN3], *we do not reach this question, or resolve the split*, because the issue is not properly before us. The Third Circuit clearly held in this case that [the plaintiff]'s individual claim was moot. [*Symczyk v. Genesis Healthcare Corp.*,] 656 F.3d [189] at 201 [(3d Cir. 2011)]. . . . [The plaintiff]'s waiver of the issue . . . prevent[s] us from reaching it. *In the District Court*, [the plaintiff] conceded that "[a]n offer of complete relief will generally moot the [plaintiff's] claim, as at that point the plaintiff retains no personal interest in the outcome of the litigation." [The plaintiff] made a similar concession in her brief to the [*Third Circuit*], and failed to raise the argument in her brief in opposition to the petition for certiorari. We, therefore, *assume, without deciding*, that [the defendants'] Rule 68 offer mooted [the plaintiff]'s individual claim.

*Genesis Healthcare*, 133 S. Ct. at 1528-1529 (emphases added; footnote omitted).[1]

---

[1]
    In the omitted footnote, the Court cited *Weiss* (which Plaintiffs discuss below in the text of this section) and *McCauley v. Trans Union, LLC*, 402 F.3d 340 (2d Cir. 2005). *McCauley* was an individual action in which the question was not whether an

In *Weiss*, as in the present case, "before [the plaintiff] moved to certify a class, [the] defendants made a [Rule] 68 offer of judgment to [the plaintiff]," *Weiss*, 385 F.3d at 339; and the Third Circuit, as in *Genesis Healthcare*, assumed, *arguendo*, that an unaccepted Rule 68 offer for a named plaintiff's maximum potential relief moots his individual claims. *See id.* at 340. Also as in *Genesis Healthcare*, the question of whether this assumption was correct was not before the court. Rather, the plaintiff in *Weiss* argued that the offer had *not actually been* for his maximum potential individual relief (the argument, which was based on the offer's lack of the equitable relief that the plaintiff was seeking individually, *see Weiss*, 385 F.3d at 340, was rejected by the court because it found that the plaintiff would not have been entitled to that relief even if he had prevailed at trial. *See id.*).

The plaintiff in *Weiss* also argued that, whether or not his individual claim was moot, the *class* claims were not moot. It was this argument that was the basis of the question before the court, which the court answered in the affirmative: "whether [to apply] the 'relation back' doctrine," *id.* at 347, under which "the [class] certification motion[,] . . . [a]bsent undue delay in filing [it], . . . relate[s] . . . back to the filing of

---

unaccepted Rule 68 offer could moot a plaintiff's claims but, rather, whether the assumed mootness of the claims "moot[ed] the case so that entry of *judgment in favor of the defendant* is appropriate," *id.* at 340 (emphasis added), or, as the court found, whether "the plaintiff's refusal did not, in and of itself, moot the case," *id.*, as a result of which the court "remand[ed] [the case] for entry of a default judgment in favor of the plaintiff." *Id.*

the class complaint . . . where a defendant makes a Rule 68 offer [for] an individual claim . . . [that causes] 'the controversy involving the named plaintiffs [to] become[] moot as to the[] [named plaintiffs].'" *Id.* at 346, 348, quoting *Sosna v. Iowa*, 419 U.S. 393, 402, n.11 (1975).[2]

**B.     In *Genesis Healthcare Corp. v. Symczyk*, the Four Justices Who Addressed the Question of Whether an Unaccepted Offer of Judgment for the Maximum Potential Recovery of a Named Plaintiff's Individual Claims Moots Those Claims Found That it Does Not**

The four dissenting justices in *Genesis Healthcare* addressed the question of individual mootness and found that an unaccepted offer of judgment for a plaintiff's

---

[2]

Defendants complain that Plaintiff Ari Weitzner had not moved for class certification in the parties' state-court action, and that Plaintiffs have not done so in the present case. *See* Def. Br. at 16-17. First, the state-court action is clearly irrelevant here, although, in any event, Defendants are unable to show that Dr. Weitzner was dilatory in the state-court action. Moreover, Defendants fail to inform this Court that, in response to Defendants' motion for summary judgment, the state court issued an order on June 27, 2008, precluding Dr. Weitzner from seeking class certification (a copy of the order, which is also available at 2008 Pa. Dist. & Cnty. Dec. LEXIS 93, 5 Pa. D. & C.5th 95, is annexed to the Declaration of P. Timothy Kelly as Exhibit "A"), and that Dr. Weitzner appealed that order (the appellate court quashed the appeal because the trial court's ruling left Dr. Weitzner's individual claims in place and was therefore found not to have been appealable) (a copy of the appellate court's order, dated May 29, 2009, is annexed to the Declaration of P. Timothy Kelly as Exhibit "B").

Second, with respect to the present case, Defendants are likewise unable to show any lack of diligence by Plaintiffs whatsoever. Moreover, given that discovery has not even been commenced, Defendants' assertion that "Plaintiffs have had ample opportunity to seek class certification before Defendants extended their Rule 68 Offers of Judgment, but declined to do so," Def. Br. at 17, is erroneous, and suggests the placing of form over substance by requiring the premature filing of a certification motion with no apparent benefit to either the parties or the Court.

maximum potential recovery does not moot his individual claims regardless of whether he is the named plaintiff in a class action or a plaintiff in an individual action. With respect to the question before the Court, which was "whether a 'collective action' brought under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 *et seq.*, is justiciable when the lone plaintiff's individual claim becomes moot,'" *Genesis Healthcare*, 133 S. Ct. at 1532 (Kagan, J., dissenting) (citation to majority opinion, and quotation marks thereof, omitted), the dissenting opinion initially noted that, "[e]mbedded within that question is a crucial premise: that the individual claim *has* become moot, as the lower courts held and the majority assumes without deciding." *Genesis Healthcare*, *Id.* (Kagan, J., dissenting) (emphasis in original).

In addressing the premise, the dissent first noted that "[t]he [Rule 68] offer, according to its terms, would 'be deemed withdrawn' if [the plaintiff] did not accept it within 10 days." *Id.* at 1533 (Kagan, J., dissenting), quoting Fed. R. Civ. P. 68.[3] As the dissent further explained, the general rule that an unaccepted *non-Rule 68* settlement offer does not moot a plaintiff's claims applies equally where the offer *is* made under Rule 68:

> "[A] case becomes moot only when it is impossible for a

---

[3]

Likewise, Defendants' offers of judgment state that, "[i]f Plaintiff [] fails to accept this Offer of Judgment within fourteen (14) days as specified in Rule 68, it will be deemed as [sic] withdrawn." Declaration of Carl J. Greco, Exh. "A," p.6, ¶ 8, and p.13, ¶ 8.

court to grant any effectual relief whatever to the prevailing party." [*Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2012)] (internal quotation marks omitted). By those measures, *an unaccepted offer of judgment cannot moot a case*. When a plaintiff rejects such an offer—however good the terms—her interest in the lawsuit remains just what it was before. And so too does the court's ability to grant her relief. *An unaccepted settlement offer—like any unaccepted contract offer—is a legal nullity, with no operative effect*. As every first-year law student learns, the recipient's rejection of an offer "leaves the matter *as if no offer had ever been made*." *Minneapolis & St. Louis R. Co. v. Columbus Rolling Mill*, 119 U.S. 149, 151 (1886). *Nothing in Rule 68 alters that basic principle*; to the *contrary*, that rule *specifies* that "[a]n *unaccepted offer* is considered *withdrawn*." Fed. Rule Civ. Proc. 68(b). So assuming the case was live before—because the plaintiff had a stake and the court could grant relief—the litigation carries on, unmooted.

*Id.* at 1533-1534 (Kagan, J., dissenting) (emphases added). Accordingly, the dissent explained with respect to the plaintiff in *Genesis Healthcare* that:

> After the [Rule 68] offer lapsed, just as before, [the plaintiff] possessed an *unsatisfied claim*, which the court could redress by awarding her damages. As long as that remained true, [the plaintiff]'s claim was *not moot*, and the District Court could not send her away empty-handed. So a friendly suggestion to the Third Circuit: Rethink your mootness-by-unaccepted-offer theory. And a note to all other courts of appeals: Don't try this at home.

*Id.* at 1534 (Kagan, J., dissenting) (emphases added); *see also id.* at 1535 (Kagan, J., dissenting) ("a case [does not] become[] moot . . . when the lone plaintiff receives an offer from the defendants to satisfy all of the plaintiff's claims[,] . . . because *merely receiving an offer does not moot any claim*" (emphasis added; first ellipsis in original;

citation and quotation marks omitted), which, the dissent opined, is "th[e] obviously correct answer." *Id.* (Kagan, J., dissenting)).

Finally, the *Genesis Healthcare* dissent explained that an unaccepted offer does not moot a plaintiff's claims regardless of whether the defendant offers to have a *judgment* taken against it:

> [W]here the defendant makes an offer, the plaintiff declines it, and nothing else occurs . . ., [the plaintiff]'s claim is as it ever was, and the lawsuit continues onward. *But suppose the defendant additionally requests that the court enter judgment in [the plaintiff]'s favor—though over her objection—for the amount offered to satisfy her individual claim.* Could a court approve that motion and then declare the case over on the ground that [the plaintiff] has no further stake in it? . . . [That] would be impermissible as well.
>
> For starters, Rule 68 precludes a court from imposing judgment for a plaintiff . . . based on an unaccepted settlement offer made pursuant to its terms. The text of the Rule contemplates that a court will *enter judgment only when a plaintiff accepts an offer. See* Rule 68(a) ("If. . . the [plaintiff] serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment"). *And the Rule prohibits a court from considering an unaccepted offer for any purpose other than allocating litigation costs—including for the purpose of entering judgment for either party. See* Rule 68(b) ("Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs"). That injunction accords with Rule 68's exclusive purpose: to promote *voluntary cessation of litigation by imposing costs on plaintiffs who spurn certain settlement offers. See Marek v. Chesny,* 473 U.S. 1, 5 (1985). The Rule provides *no appropriate mechanism for a court to terminate a lawsuit without the plaintiff's consent.*

*Id.* at 1535-1536 (Kagan, J., dissenting) (emphases added).

**C.    Post-*Genesis Healthcare* Cases Have Held That an Unaccepted Offer of Judgment for the Maximum Potential Recovery of a Named Plaintiff's Individual Claims Does Not Moot Those Claims**

In *Diaz v. First American Home Buyers Protection Corp.*, 732 F.3d 948 (9th Cir. 2013), the Ninth Circuit became the first (and, so far, only) post-*Genesis Healthcare* circuit court to have ruled on the question that the *Genesis Healthcare* majority did not answer but that the dissent did and that is squarely at issue in the present case, *i.e.*, "whether an unaccepted Rule 68 offer that would have fully satisfied a plaintiff's claim is sufficient to render the claim moot." *Id.* at 952. The Ninth Circuit held that it is not.

The defendant in *Diaz*, "[f]ollowing denial of class certification, . . . made an offer of judgment on [those of the plaintiff]'s individual claims [that remained following the Rule 12(b)(6) dismissal of two of the plaintiff's claims] pursuant to [] Rule [] 68." *Id.* at 949. "When [the plaintiff] did not accept the offer, [the defendant] moved to dismiss these claims for lack of subject matter jurisdiction. Agreeing that [the defendant]'s unaccepted Rule 68 offer rendered [the plaintiff]'s remaining claims moot, the district court dismissed the claims under [] Rule []12(b)(1), entering judgment in favor of neither party." *Id.* at 949-950. On appeal, the Ninth Circuit "vacate[d] the district court's dismissal . . . [and] h[e]ld that an unaccepted Rule 68 offer that would fully satisfy a plaintiff's claim is *insufficient to render the claim moot.*" *Id.* at 950

(emphasis added).

Just as the Third Circuit, in *Weiss*, *supra*, had assumed, *arguendo*, that an unaccepted Rule 68 offer could moot a plaintiff's individual claims, the Ninth Circuit, in *Diaz*, acknowledged that it, too, had previously made that assumption:

> [W]e [have not] squarely addressed the issue [regarding the mooting of an individual claim]. In *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091–92 (9th Cir. 2011), we held "that an unaccepted Rule 68 offer of judgment – for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification – does not moot a *class action*" (emphasis added), but we did not squarely address whether the offer mooted the plaintiff's *individual* claim. We *assumed* that an unaccepted offer for complete relief will moot a claim, but we *neither held that to be the case nor analyzed the issue*. *See id.* at 1090–92.

*Id.* at 952 (emphases added). The *Diaz* court also noted that, "[a]lthough the majority of courts and commentators appear to agree with the Seventh Circuit that an unaccepted offer will moot a plaintiff's claim, four justices of the United States Supreme Court, as well as the Solicitor General of the United States, embraced a contrary position in *Genesis Healthcare*," *id.* at 953, citing Brief for the United States as *Amicus Curiae* Supporting Affirmance in *Genesis Healthcare* (footnote omitted).[4]

---

[4]

The Seventh Circuit opinion to which the court was referring is *Rand v. Monsanto Co.*, 926 F.2d 596 (7th Cir. 1991) (*see Diaz*, 732 F.3d at 952), which vacated the district court's denial of class certification, which itself had been based on adequacy grounds unrelated to the defendant's offer of judgment. *See Rand*, 926 F.3d at 597-601. In addition, the omitted footnote from the *Diaz* quotation cited two more

The *Diaz* court then proceeded to quote, at length, the *Genesis Healthcare* dissent's discussion of the question of whether an unaccepted Rule 68 offer that would fully satisfy a plaintiff's claims moots those claims, *see id.* at 953-954; and, adopting the dissent's rationale, the court concluded as follows:

> We are persuaded that Justice Kagan has articulated the correct approach. *We therefore hold that an unaccepted Rule 68 offer that would have fully satisfied a plaintiff's claim does not render that claim moot.* This holding is *consistent with the language, structure and purposes of Rule 68 and with fundamental principles governing mootness.* These principles provide that "[a] case becomes moot only when it is impossible for a court to grant 'any effectual relief whatever to the prevailing party.'" *Knox v. Serv. Employees Int'l Union*, 132 S. Ct. 2277, 2287 (2012) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)). Here, once [the defendant]'s offer lapsed, it was, *by its own terms and under Rule 68, a legal nullity* [].

---

Seventh Circuit cases: *Thorogood v. Sears, Roebuck & Co.*, 595 F.3d 750 (7th Cir. 2010), and *Greisz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012 (7th Cir. 1999). In *Thorogood*, the issue was not whether, as a general matter, a claim could be mooted by an unaccepted offer of judgment, but weather, as *Thorogood* found, the offer of judgment at issue included a sufficient amount of legal fees. *See Thorogood*, 595 F.3d at 752, citing *Greisz*, 176 F.3d at 1014-1015.

In *Greisz*, the issue was whether, in light of the *assumed* mootness of the named plaintiff's individual claim, the named plaintiff was entitled to a judgment in the amount of the offer, or, as the court found, whether the defendant was entitled to a dismissal, *i.e.*, that the plaintiff would be entitled to nothing. *See Greisz*, 176 F.3d at 1015 (the defendant's offer of "$1,200[,] . . . [which was] was actually larger . . . than the maximum damages [that the plaintiff] could obtain [on her individual claim] . . . eliminates a legal dispute upon which federal jurisdiction can be based . . . [and, therefore, the plaintiff] lost [the] $1,200").

13

*Id.* at 955 (emphases added) (the same is true of Defendants' offers of judgment, *see* Point I(B), note 3, *supra*).

In *Bais Yaakov of Spring Valley v. Act, Inc.*, 2013 WL 6596720 (D. Mass. Dec. 16, 2013), a class action brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the defendant made a Rule 68 offer before the plaintiff moved for class certification in an amount that the court assumed would fully satisfy the named plaintiff's individual claims. *See id.* at *1, *2, n.2. As in the present case, "[t]he question presented, then, [was] whether an unaccepted offer of judgment under rule 68 in a purported class action moots a [p]laintiff's claim if the offer is made before the [p]laintiff files a motion to certify the class." *Id.* at *2. Noting that "[t]here is a split amongst the Circuits on this issue," *id.*, and that "[t]he Third Circuit has ruled that an offer of judgment in a class action suit does not moot the action when the offer is made so early that the representative could not have filed a class certification motion yet, though it does moot the individual claim(s)," *id.* at *3, citing *Weiss*, 385 F.3d at 347-348, the court invoked the reasoning of the *Genesis Healthcare* dissent and *Diaz*, and, accordingly, ruled that the named plaintiff's individual claims were not moot:

> The ability of a plaintiff to accept or reject the offer of judgment is what Justice Kagan emphasizes when she finds an unaccepted offer of judgment cannot moot a claim . . . . *See Genesis Healthcare,* 133 S.Ct. at 1532-38 (Kagan, J. dissenting).

> With no controlling precedent in the First Circuit, this

Court has looked to the reasoning expressed by other courts on this issue, and is *persuaded by that expressed the Ninth Circuit* in *Diaz* and *by Justice Kagan's dissent* in *Genesis Healthcare.* By its terms, Rule 68 gives plaintiff the ability to *either accept or reject an offer*, and gives a court authority to "enter judgment *only* when a plaintiff accepts an offer." *Genesis Healthcare,* 133 S.Ct. at 1536 (Kagan, J. dissenting); Fed.R.Civ.P. 68. Rule 68 only gives *one effect to an unaccepted offer*, that a plaintiff may have to *pay the offerors costs if she does not obtain a judgment more favorable than the offer*. Fed.R.Civ.P. 68(d). *An "offer," rather than "order," "ruling," or other like terms, gives the offeree the ability to accept its terms or reject it and proceed unhindered.* A plaintiff seeking to represent a class should be permitted to *accept an offer of judgment on her individual claims under Rule 68, receive her requested individual relief, and have the case dismissed, or reject the offer and proceed with the class action*. Here, [the] [p]laintiff chose the latter course, and, *having allowed the offer to lapse, still has an unsatisfied claim that can be redressed by the Court*. This case, therefore, *has not been rendered moot*, and the Court retains subject matter jurisdiction.

*Id.* at *4 (emphases added).

In *Craftwood II, Inc. v. Tomy Int'l, Inc.*, 2013 WL 3756485 (C.D. Cal. July 15, 2013), which was decided *before* the Ninth Circuit issued its ruling in *Diaz*, the court likewise adopted the view of the *Genesis Healthcare* dissent, explaining that, "[r]ejecting an offer 'leaves the matter as if no offer had ever been made,'" *id.* at *4, quoting *Genesis Healthcare* at 1534 (Kagan, J., dissenting), and finding that, "[f]or that reason, it is unclear why the premise of *Genesis*—that the individual claim was moot—is true." *Id.* (footnote omitted).

In sum, the only result of an unaccepted Rule 68 offer of judgment is that the offer is void, because, as Rule 68 itself provides, the only effect of an unaccepted offer is that the offer is deemed withdrawn.

**D.    With Respect to the Non-Binding Cases That Defendants Rely Upon in Support of the Proposition That an Unaccepted Offer of Judgment for the Maximum Potential Recovery of a Named Plaintiff's Individual Claims Moots Those Claims, None of the Courts That Issued Those Opinions Was Presented With the Question of Whether That Proposition is Correct**

In addition to citing *Genesis Healthcare* and *Weiss*, Defendants also cite several non-binding cases for the proposition that an unaccepted Rule 68 offer of judgment, when made for the maximum potential individual recovery of a named plaintiff in a class action, moots that plaintiff's individual claims. *See* Def. Br. at 8-9, citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913 (5th Cir. 2008), *abrogated on other grounds*, *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013); *Greisz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012 (7th Cir. 1999); *Bank v. Spark Energy Holdings, LLC*, 2013 U.S. Dist. LEXIS 150733 (S.D. Tex. Oct. 18, 2013)[5]; and *Masters v. Wells Fargo Bank S. Central, N.A.*, 2013 WL 3713492 (W.D. Tex. July 11, 2013); *see also id.* at 13-14, citing *Keim v. ADF MidAtlantic*, 2013 U.S. Dist. LEXIS 98373 (S.D. Fla. July 15, 2013); and *id.* at 12, citing *Scott v. Westlake Services, LLC*, 2013 U.S. Dist. LEXIS 81120 (N.D. Ill. June 6, 2013). As set forth below, none of these cases resolved

---

[5]

The plaintiff in *Bank* was Todd C. Bank, one of Plaintiffs' attorneys.

the issue for which Defendants cite them.

In *Sandoz v. Cingular Wireless*, an FLSA collective action in which the court applied the relation-back doctrine (and was thus abrogated by *Genesis Healthcare*), the Fifth Circuit found that, "if the [district] court denies the motion to [conditionally] certify [the action], then the Rule 68 offer of judgment renders the individual plaintiff's claims moot." *Sandoz*, 553 F.3d at 921 (footnote omitted). However, the question in *Sandoz* was not whether the offer mooted the named plaintiff's individual claim, but whether, *assuming* that it did, the plaintiff could continue seeking to represent individuals who might later opt in to the action. *See id.* at 920-921.[6]

In *Greisz v. Household Bank*, the Seventh Circuit likewise assumed that the

---

6

The courts in each of the circuit cases that *Sandoz* cited regarding individual mootness had also *assumed* that the named plaintiffs' individual claims were moot, and addressed the question of whether the assumed mootness caused the *class* claims to be moot. *See Sandoz, supra*, 553 F.3d at 921, n.5, citing *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030 (5th Cir. 1981) (in which the issue was whether "a purported but uncertified class action [should] be dismissed for mootness upon tender to the named plaintiffs of their personal claims, despite the existence of a timely filed and diligently pursued pending motion for class certification," *id.* at 1041 (emphasis added), which the court answered in the negative. *See id.* at 1051; *Weiss, supra* (which Plaintiffs discuss in Point I(A), *supra*); and *Rand v. Monsanto Co.*, 926 F.2d 596 (7th Cir. 1991) (which Plaintiffs discuss in Point I(C), note 4, *supra*, and which also held that, even though the district court had denied the plaintiff's motion for class certification before the defendant mooted the named plaintiff's claim by making an offer of judgment, "the dispute about certification of the class survives," *id.* at 598, citing *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326 (1980)).

named plaintiff's claims were moot. *See* Point I(C), 4, *supra*.[7]

In *Bank v. Spark Energy*, the court noted that "[the plaintiff] *does not dispute*

------

7

In *Genesis Healthcare*, the Court observed that "[s]ome courts maintain that an unaccepted offer of complete relief alone is sufficient to moot the individual's claim." *Genesis Healthcare*, 133 S. Ct. at 1529, n.4, citing *Weiss*, 385 F.3d at 340, and *Greisz*, 176 F.3d at 1015. Here, *Genesis Healthcare* was referring to the question of whether, *assuming* that an unaccepted offer of judgment has mooted a named plaintiff's individual claims, the plaintiff is entitled to a judgment for the *amount of the offer*, or, as *Weiss* and *Greisz* found, whether the *defendant* is entitled to a *judgment of dismissal*. *See Weiss*, 385 F.3d at 340 ("[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate and a plaintiff who [does not accept the offer and thereby] refuses to acknowledge this *loses outright* [such that the defendant is entitled to a judgment in its favor] under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake" (citation and quotation marks omitted); *accord*, *Greisz*, 176 F.3d at 1015.

Further showing that the issue in *Greisz* and *Weiss* to which *Genesis Healthcare* was referring was the issue concerning *which* party was entitled to a judgment in the event of the assumed mootness of a plaintiff's individual claims, *Genesis Healthcare* contrasted *Greisz* and *Weiss* with "[o]ther courts [that] have held that, in the face of an unaccepted offer of complete relief, district courts *may 'enter judgment in favor of the plaintiffs* in accordance with the defendants' Rule 68 offer of judgment." *Id.* at 1529, n.4, quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 575 (6th Cir. 2009) (emphasis added), and citing *McCauley v. Trans Union, LLC*, 402 F.3d 340 (2d Cir. 2005) (which Plaintiffs discuss in Point I(A), note 1, *supra*).

In *O'Brien*, the court assumed, as a general matter, that an unaccepted offer of judgment could moot a claim. Instead, "[t]he only issue" relating to the question of whether the named plaintiff's individual claim was moot was "whether an offer of judgment which offers to pay a *reasonable attorneys' fee* as later determined by the court — but which does not offer to pay whatever sum reported by [the plaintiff's] counsel — moots the [plaintiff's individual] FLSA . . . claim," *O'Brien*, 575 F.3d at 575 (emphasis added)), which the court answered in the affirmative because, as it explained, "the FLSA does not entitle a prevailing plaintiffs' counsel to get whatever fee counsel claims. Rather, under the statute, the 'court ... shall ... allow a reasonable attorney's fee.'" *Id.*, quoting 29 U.S.C. § 216(b).

that [the defendants'] Rule 68 offer provides full satisfaction of [the plaintiff]'s individual claim." *Bank*, 2013 U.S. Dist. LEXIS 150733 at *26 (emphasis added). Instead, the plaintiff in *Bank*, rather than addressing the question of individual mootness, sought to invoke the relation-back doctrine with respect to the class claims by requesting that the court "either deny [the defendants' Rule 12(b)(1) dismissal] motion or stay the motion until the Court resolves [the plaintiff]'s pending motion seeking an extension of the discovery deadline," *id.* at *16, because "[the plaintiff] claims that granting his request for an extension of the discovery deadline and thus of the due date for a motion for class certification would invoke the relation-back doctrine." *Id.* at *17.[8]

In *Masters v. Wells Fargo*, the court acknowledged that *Genesis Healthcare* "recognized a circuit split on the question [of] 'whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot,'" *Masters*, 2013 WL 3713492 at *11, quoting *Genesis Healthcare*, 133 S. Ct. at 1528, and noted that

---

[8]

The court ultimately granted the defendants' motion, finding that, "[b]ecause [the plaintiff] has not filed a motion for class certification, and because [the plaintiff] *had not objected and still does not object that [the defendants'] offer of judgment did not cover the entirety of his claims*, under the Fifth Circuit's general rule[,] no case or controversy remained to invoke this Court's jurisdiction under Article III, either with respect to [the plaintiff's] or the putative class members' claims." *Id.* at *37 (emphasis added). Here, the court, which had earlier referred to *Sandoz, see id.* at *9, and *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030 (5th Cir. 1981), *see id.* at *8-*9, was clearly referring again to *Sandoz* and *Zeidman* (which Plaintiffs discuss, respectively, above in the text of this section, and above in note 7 in this section).

*Genesis Healthcare* "expressly reserved judgment on the question." *Id.* Accordingly, *Masters* recognized that, "[i]n the absence of a controlling decision from the United States Supreme Court, this Court turns to circuit law," *id.* at *12, which, according to the court, "holds [that] an unaccepted offer fully satisfying a claim does moot the claim, and this Court is bound to apply this rule, [the plaintiff]'s pleas to follow Justice Kagan's dissent notwithstanding." *Id.* at *12, citing *Sandoz*, *supra* (which, as Plaintiffs note in the text above, assumed but did not decide the question of individual mootness).

In *Keim v. ADF MidAtlantic*, the named plaintiff did not dispute that his individual claim was moot. Instead, he argued, *inter alia*, that "it would be inequitable to allow [the] [d]efendants to 'pick-off' [the named] [p]laintiff, the putative class representative, simply because he had not yet moved for class certification." *Keim*, 2013 U.S. Dist. LEXIS 98373 at *10 (the court's rejection of this argument, in contrast to the Third Circuit's ruling in *Weiss*, *supra*, is addressed in Point II(C), *infra*).

In *Scott v. Westlake Services*, the plaintiff likewise did not challenge the notion that an offer of judgment for a plaintiff's maximum potential recovery on his individual claims moots those claims. Instead, the plaintiff argued that the defendant had not actually made such an offer. *See Scott*, 2013 U.S. Dist. LEXIS 81120 at *8, *53. In response, the court acknowledged that *Genesis Healthcare* had "avoided the very question that is at the heart of the case at bar: does an unaccepted offer that fully satisfies a plaintiff's claim render it moot?," *id.* at *36, but proceeded to find that "there

is clear and binding authority from the Court of Appeals for the Seventh Circuit on this issue." *Id.* However, none of the Seventh Circuit cases that *Scott* relied upon concerned the question of whether the plaintiff's individual claims were moot, but, instead, concerned the issue of whether the *assumed* mootness of those claims also mooted the *class* claims.[9]

---

[9]

    *See id.* at \*30-\*31, citing *Rand v. Monsanto Co.*, 926 F.2d 596 (7th Cir. 1991) (which Plaintiffs discuss in Point I(C), note 4, *supra*, and Point I(D), note 7, *supra*) Regarding individual mootness, *Rand* relied solely upon *Alliance to End Repression v. City of Chicago*, 820 F.2d 873 (7th Cir. 1987), *see Rand*, 926 F.2d at 598, which is discussed below in this footnote); *Alswager v. Rocky Mountain Instrumental Labs. Inc.*, 474 F. App'x. 482 (7th Cir. 2012) (an individual action in which the issue, as in *Scott*, was whether the offer of judgment was, in fact, for the plaintiff's maximum potential recovery, *see id.* at 484); *Gates v. Towery*, 430 F.3d 429 (7th Cir. 2005) (same issue as in *Alswager* and *Scott*, *see id.* at 431-432); *Holstein v. City of Chicago*, 29 F.3d 1145 (7th Cir. 1994) (relying upon *Rand* and *Alliance to End Repression* holding, in contrast to the Third Circuit in *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004), that a settlement offer for the named plaintiff's maximum potential recovery mooted the *class* claims where the plaintiff had not yet moved for certification at the time that the offer had been made, *i.e.*, that the relation-back doctrine was not applicable, *see id.* at 1146-1147); *Alliance to End Repression* (in which the court found that the class claims were moot where the parties had agreed to a monetary settlement even though the parties had also agreed that the plaintiffs could seek a declaratory judgment and that neither party could appeal the district court's decision of whether to grant the declaratory judgment, *see Alliance to End Repression*, 820 F.2d at 874, finding that "[t]h[e] case was settled before the [district] judge decided it," *id.* at 875); and *Greisz v. Household Bank (Ill.), N.A.,* 176 F.3d 1012 (7th Cir. 1999) (which Plaintiffs discuss in Point I(C), note 4, *supra*, and Point I(D), note 8, *supra*); *see also Scott*, 2013 U.S. Dist. LEXIS 81120 at \*49-\*50, citing *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011) (in which the plaintiff contended only that the defendant's settlement offer: was "not 'definite and certain,'" *Damasco*, 662 F.3d at 893; was required to be formally made under Rule 68, *see id.* at 894; and did not moot the *class* claims, *see id.* The court rejected these arguments, but with respect to the last argument, did so because of what it acknowledged was the court's disagreement with

## POINT II

## THE CLASS CLAIMS ARE NOT MOOT

**A.**   ***Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004),
Which Held That the Mooting of a Named Plaintiff's
Individual Claims Does Not Moot His Class Claims, Was
Not Abrogated by *Genesis Healthcare Corp. v. Symczyk***

Defendants contend that this Court "lacks subject matter jurisdiction over

[Plaintiffs' class claims] as there is no 'live' justiciable controversy," Def. Br. at 9, and

further claim that "Genesis Healthcare has effectively overruled the Third Circuit's

decision in Weiss v. Regal Collections, 385 F.3d 337 (3rd Cir. 2004) that a putative

class plaintiff maintains a 'personal stake' sufficient to confer jurisdiction when the

Plaintiff's individual claims have been mooted." *Id.* at 9.[10]

---

"[f]our circuits [that] . . . have fashioned a new rule that, absent undue delay, a plaintiff
may move to certify a class and avoid mootness even after being offered complete
relief." *Id.* at 895-896, citing *Weiss*, 385 F.3d at 348, *Pitts v. Terrible Herbst, Inc.*, 653
F.3d 1081, 1091-1092 (9th Cir. 2011); *Lucero v. Bureau of Collection Recovery, Inc.*,
639 F.3d 1239, 1249-1250 (10th Cir. 2011), and *Sandoz v. Cingular Wireless LLC*,
553 F.3d 913, 920-921 (5th Cir. 2008), *abrogated*, *Genesis Healthcare Corp. v.
Symczyk*, 133 S. Ct. 1523 (2013).

[10]

Defendants also contend that, "as the applicable statute in Weiss, the [Fair Debt
Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ('FDCPA')], specifically provides
for the availability of class actions, the reasoning in Weiss is inapplicable to a putative
class action alleging violations of the [Telephone Consumer Protection Act, 47 U.S.C.
§ 227], which includes no such provision." Def. Br. at 19-20. However, absent the
FDCPA provision to which Defendants refer, which places strict limits on the recovery
of class members in FDCPA class actions, *see* 15 U.S.C. § 1692k(a)(2)(B), an FDCPA
class action would be permissible (without those limits) because, absent an express
prohibition, a class action may be brought under any federal statute that authorizes a

Regardless of whether Plaintiffs' individual claims are moot, their *class* claims are not moot, because, as numerous courts have recognized, *Genesis Healthcare*, which contrasted FLSA collective actions with Rule 23 class actions, is limited to the former. As *Genesis Healthcare* explained, "[i]n order to avoid [mootness of the collective claims], [the plaintiff] relies almost entirely upon [three Supreme Court] cases that arose *in the context of Federal Rule of Civil Procedure 23 class actions*." *Genesis Healthcare*, 133 S. Ct. at 1529 (emphases added; Plaintiffs discuss these cases in Point II(A) and (B), *infra*). However, for two reasons, the Court found that the three Rule 23 cases, each of which applied the relation-back doctrine where the named plaintiffs' individual claims had become moot, "are *inapposite*, *both* because[,] [first,] *Rule 23 actions* are *fundamentally different from collective actions under the FLSA*, and because[,] [second, the three cases] are, by their own terms, inapplicable to the[] facts [in *Genesis Healthcare*]." *Id.* (emphases added). As the Court explained:

> More fundamentally, essential to our decisions in [two of the three Rule 23 cases, *i.e.*,] *Sosna* [*v. Iowa*, 419 U.S. 393 (1975),] and [*United States Parole Comm'n v.*] *Geraghty*[,] [445 U.S. 388 (1980),] was the fact that *a putative class acquires an independent legal status once it is certified under Rule 23*. Under the FLSA, *by contrast*,

────────────────

private right of action. *See Califano v. Yamasaki*, 442 U.S. 682, 699-700 (1979); *see also Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1438 (2010) ("like the rest of the Federal Rules of Civil Procedure, Rule 23 automatically applies 'in all civil actions and proceedings in the United States district courts,'" quoting Fed. R. Civ. P. 1, and citing *Califano*, 442 U.S. at 699-700.

> *"conditional certification"* does not produce a class with
> an independent legal status, or join additional parties to the
> *action*. The sole consequence of conditional certification is
> the sending of court-approved written notice to employees,
> see *Hoffmann-La Roche Inc.* [*v. Sperling,* 493 U.S. 165] at
> 171-172 [(1989)], who in turn become parties to a collective
> action *only by filing written consent with the court*, §
> 216(b). So even if [the plaintiff] were to secure a conditional
> certification ruling on remand, nothing in that ruling would
> preserve her suit from mootness.

*Id.* at 1530 (emphases added).

As succinctly described in *De Leon-Granados v. Eller and Sons Trees, Inc.*, 497 F.3d 1214 (11th Cir. 2007), "in an FLSA action, a party-plaintiff must opt into an action, whereas in a Rule 23(b)(3) class action, all qualifying class members become party-plaintiffs unless they opt out of the action." *Id.* at 1219. Thus, whereas the granting of Rule 23 class certification adds new parties to the case, *i.e.*, the unnamed putative class members, and therefore relates back to the filing of the complaint, the granting of conditional certification in an FLSA collective action does not add new parties and therefore does not relate back. Because conditional certification, unlike Rule 23 class certification, does not add parties, an offer of judgment to a named plaintiff in an FLSA collective action is equivalent to an offer of judgment to a plaintiff in an individual action who believes, or anticipates, that other individuals might join his action as plaintiffs (under Fed. R. Civ. P. 20). Accordingly, the rationale for applying the relation-back doctrine to Rule 23 actions is, as *Genesis Healthcare* recognized,

24

inapplicable to FLSA collective actions.[11]

**B.**   ***Genesis Healthcare Corp. v. Symczyk* Did Not Abrogate the Third Circuit's Rule That the Relation-Back Doctrine Applies in Rule 23 Class Actions Regardless of Whether the Claims are 'Inherently Transitory'**

   **(i)**   **In Indicating That the Relation-Back Doctrine Would Apply to an FLSA Collective Action in Which the Claims are 'Inherently Transitory,' *Genesis Healthcare* Did Not Suggest That the Claims in a Rule 23 Class Action Must be 'Inherently Transitory' in Order for the Doctrine to Apply**

Defendants note that the claims at issue in *Genesis Healthcare*, *i.e.*, the FLSA

---

[11]
   In *Ellis v. Edward D. Jones & Co., LP*, 527 F. Supp. 2d 439 (W.D. Pa. 2007), the court compared the underlying rationales of FLSA collective actions and Rule 23 class actions:

> [T]he *government interest in promoting lawsuits which are only economically feasible through the aggregation of small individual claims [i.e., Rule 23 actions]* . . . is *far less of a factor in a FLSA action* and, in fact, the FLSA's opt-in provision was *intended to limit the scope and number of employee suits*. Since the interests of both potential opt-in and opt-out plaintiffs in their causes of action are similar—although the putative FLSA plaintiff does have the added interest of avoiding involvement in a suit without his express consent—the difference in process between the two regimes is due to *the very different government policies that underlie, for example, 29 U.S.C. § 216(b) [the FLSA provision stating that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought"] and Fed.R.Civ.P. 23(b)(3)*.

*Id.* at 459, n.21 (emphases added).

claims, were not inherently transitory, unlike the claims at issue in *Sosna v. Iowa*, 419

U.S. 393 (1975), and *United States Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980),

each of which applied the relation-back doctrine in a Rule 23 action. *See* Def. Br. at 11.

Defendants thus contend that the relation-back doctrine is *inapplicable* in the present

action because claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227

("TCPA"), are not inherently transitory. *See* Def. Br. at 17-20.

Defendants' contention is premised on the notion that *Genesis Healthcare*'s

contrasting of FLSA collective actions with Rule 23 class actions was superfluous.

Instead, while the Court indicated that the relation-back doctrine would (or, at least,

might) apply in FLSA collective actions if such claims were transitory, the contrast that

the Court drew between such actions and Rule 23 actions makes clear that, as

numerous post-*Genesis Healthcare* opinions have found (*see* Point II(C), *infra*), the

relation-back doctrine applies in Rule 23 actions without regard to whether the claims

are transitory.

> **(ii)    Plaintiffs' Interest in Sharing the Expenses of
> this Action With the Putative Class Members
> Satisfies the 'Case or Controversy' Requirement**

Further reflecting that the relation-back doctrine applies in Rule 23 class actions

regardless of whether the claims are transitory, *Genesis Healthcare* pointed out that the

Court, in a previous case in which the claims were *non-transitory*, had held that the

defendant's offer of judgment for the maximum potential recovery of the named

plaintiffs following the district court's denial of Rule 23 class certification did not moot the class claims, and that, therefore, the named plaintiffs could appeal the denial of certification despite the (assumed) mootness of their individual claims. *See Genesis Healthcare*, 133 S. Ct. at 1531-1532, discussing *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326 (1980).[12]

As *Genesis Healthcare* explained:

> In *Roper,* the named plaintiffs' individual claims became moot after the District Court denied their motion for class certification under Rule 23 and subsequently entered judgment in their favor, based on the defendant[]'s offer of judgment for the maximum recoverable amount of damages, in addition to interest and court costs. The [*Roper*] Court held that even though the District Court had entered judgment in the named plaintiffs' favor, they could nevertheless appeal the denial of their motion to certify the class. The Court found that, under the particular circumstances of that case, the named plaintiffs possessed an *ongoing, personal economic stake* in the substantive controversy—*namely, to shift a portion of attorney's fees and expenses to successful class litigants*. Only then, in dicta, did the Court underscore the importance of a district court's class certification decision and observe that allowing defendants to "pic[k] off" party plaintiffs before an affirmative ruling was achieved "would frustrate the objectives of class actions."

---

[12] The question that *Roper* addressed was not whether the named plaintiffs' individual claims were moot but, rather, "whether a tender to named plaintiffs in a class action of the amounts claimed in their individual capacities, followed by the entry of judgment in their favor on the basis of that tender, over their objection, *moots the case and terminates their right to appeal the denial of class certification*." *Roper*, 445 U.S. at 327 (emphasis added).

> . . . *Roper*'s dictum was tethered to the *unique significance of certification decisions in [Rule 23] class-action proceedings. Whatever significance "conditional certification" may have in [FLSA] proceedings, it is not tantamount to class certification under Rule 23.*

*Genesis Healthcare*, 133 S. Ct. at 1531-1532 (emphases added; footnote and citations omitted).[13] As *Roper* summarized, "[w]e can assume that a district court's final judgment fully satisfying named plaintiffs' private substantive claims would preclude their appeal on that aspect of the final judgment; however, it does not follow that this circumstance would terminate the named plaintiffs' right to take an appeal on the issue of class certification." *Roper*, 445 U.S. at 333. In the present case as in *Roper*, Plaintiffs have an interest in spreading their expenses among the putative class members.

---

[13]

    In the omitted footnote, the Court stated as follows: "[b]ecause *Roper* is distinguishable on the facts, we need not consider its continuing validity in light of our subsequent decision in *Lewis* v. *Continental Bank Corp.*, 494 U. S. 472 (1990). *See id.*, at 480 ('[An] interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim')." *Genesis Healthcare*, 133 S. Ct. at 1532, n.5. Even assuming, *arguendo*, that a named plaintiff's interest in the sharing of his *legal fees* is insufficient to satisfy Article III, there has been no suggestion that the interest in sharing *expenses* is insufficient.

**C.     Numerous Post-*Genesis Healthcare* Cases Have Held That *Genesis Healthcare* Does Not Apply to Rule 23 Class Actions**

Numerous cases have held that *Genesis Healthcare* does not apply to Rule 23

class actions:

***March v. Medicredit, Inc.*, No. 4:13-cv-01210-TIA, at 5 (E.D. Mo. Dec. 4, 2013) (emphases added):**

> [I]n response to the [*Genesis Healthcare*] plaintiff's reliance on cases that arose in the context of Rule 23 class actions, the Supreme Court found that the cases did not apply "*both* because *Rule 23 actions are fundamentally different from collective actions under the FLSA . . . and* because these cases are, by their own terms, *inapplicable to these facts*." [*Genesis Healthcare*, 133 S. Ct. at 1529]. Thus, the *Genesis* case is *inapposite to the present Rule 23 class action complaint. See Sandusky Wellness Center, LLC v. Medtox Scientific, Inc.*, No. 12-2066(DSD/SER), 2013 WL 3771397, at *2 (D. Minn. July 18, 2013) (finding *Genesis* inapplicable to a Rule 23 class action complaint under the Telephone Consumer Protection Act).

***Sandusky Wellness Center LLC v. Medtox Scientific, Inc.*, 2013 WL 3771397 at *2 (D. Minn. July 18, 2013) (TCPA class action) (emphases added):**

> Although *Genesis* declined to "resolve the question of whether a Rule 68 offer that fully satisfies the plaintiff's claims [in the Rule 23 context] is sufficient by itself to moot the action," [*Genesis Healthcare*, 133 S. Ct.] at 1529 n. 4, it *noted several differences between collective and class actions. Specifically, the Court distinguished FLSA collective actions from class actions*, explaining that in the former, "conditional certification does not produce a class with an independent legal status," whereas a "putative class acquires an independent legal status once it is certified under Rule 23." *Id.* at 1530 (citation and internal quotation marks omitted). In doing so, the Court ignored Rule 23 precedent,

29

explaining that "*these cases are inapposite ... because Rule 23 actions are fundamentally different from collective actions under the FLSA.*" *Id.* at 1529. In other words, *Genesis* is *inapplicable to a Rule 23 action brought under the TCPA. See, e.g.*, *Chen v. Allstate Ins. Co.*, No. C 13–0685, 2013 WL 2558012, at *7 (N.D.Cal. June 10, 2013) (finding that *Genesis* "is not directly applicable to the class action context"); *Falls v. Silver Cross Hosp. & Med. Ctrs.*, No. 13 C 695, 2013 WL 2338154, at *1 (N.D.Ill. May 24, 2013) (same).

## *Ramirez v. Trans Union, LLC*, 2013 WL 3752591 at *2-*3 (N.D. Cal. July 17, 2013) (emphases added):

The . . . court [in *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011)] ruled: "*we hold that an unaccepted Rule 68 offer of judgment —for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification—does not moot a class action.*" *Pitts*, 652 F.3d at 1091-92. . . .

***

. . . [The] [d]efendant insists that [Genesis Healthcare] overrules Pitts and mandates dismissal. The Court disagrees.

[*Genesis Healthcare*] is an FLSA collective action, whereas Pitts is a Rule 23 class action. *The Supreme Court explicitly distinguished between the scenario presented by* [*Genesis Healthcare*]*, an FLSA action, as opposed to a Rule 23 class action.* Calling Rule 23 cases "*inapposite*" and "*inapplicable*" to an FLSA claim, the Court declined to apply case law from Rule 23 actions "because *Rule 23 actions are fundamentally different from collective actions under the FLSA.*" *Id.* at 1524. The Rule 23 cases the Court cited to as inapplicable to [the *Genesis Healthcare* plaintiff]'s FLSA lawsuit included three cases cited by the Ninth Circuit in *Pitts*: *Geraghty*, *Roper*, and *Sosna*. *See*

[*Genesis Healthcare*], 133 S.Ct. at 1530–32. [*Genesis Healthcare*]'s delineation between Rule 23 class actions and FLSA collective actions bars a finding that [*Genesis Healthcare*] is "clearly irreconcilable" with *Pitts*. *See Canada v. Meracord, LLP*, C12-5657 BHS, 2013 WL 2450631, at *1 (W.D. Wash. June 6, 2013) (calling *Pitts* "directly on point" and stating, "*there is nothing to indicate that the [Genesis Healthcare] holding extends beyond FLSA collective actions*"); *Chen v. Allstate Ins. Co.*, 2013 WL 2558012, at *8 (N.D. Cal. June 10, 2013) ("*Genesis*, which was *an FLSA collective action*, is *easily distinguishable* from *Pitts*.")

**Craftwood II, Inc. v. Tomy Intern., Inc., 2013 WL 3756485 at *3, *4 (S.D. Calif. July 15, 2013) (emphases added; footnotes omitted):**

[The] [d]efendant claims that. . . *Genesis Healthcare* [] either overrules or at a minimum severely undermines the Ninth Circuit's decision in *Pitts* [*v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011)]. There are several problems with this argument. First, *Genesis* is distinguishable because it considered a claim filed as a collecti[ve] action under . . . the [] FLSA. *A ruling in the context of a collective action does not directly apply to a class action, and the Supreme Court clearly distinguished class certification precedent when it came to transitory claims and thwarting class actions by allowing defendants to buy off named plaintiffs*. Second, the Court did not actually reach the issue of the whether the settlement offer of judgment under [] Rule [] 68[] mooted the individual claim. It assumed this to be the case, based on the argument having been waived in the courts below, and then moved on to examine what effect a moot individual claim would have on a FLSA action.

\*\*\*

[W]hile the five-Justice majority in *Genesis* does attack some of the logic of the precedent on which *Pitts* relies, *its holding does not cover class actions, nor does it even*

31

> *address how a rejected offer could moot a claim.* Like district courts in the Ninth Circuit both before and after *Genesis*, this Court concludes that *Pitts* controls the outcome. Until the Ninth Circuit decides otherwise, the attempt to buy off a class plaintiff's claim remains "a facile procedural 'gotcha'" that tries to make an "end-run around a class action." *Gomez* [*v. Campbell–Ewald Co.*], 805 F. Supp. 2d [923] at 930 [(C.D. Cal. 2011)].

**_Chen v. Allstate Ins. Co._, 2013 WL 2558012 at \*7 (N.D. Calif. June 10, 2013), *permission to appeal granted* (N.D. Calif. June 10, 2013), *appeal pending* (9th Cir., No. 13-80177) (TCPA class action) (emphases added):**

> [T]he ruling in *Genesis*, which was *limited to the collective action context*, is *not directly applicable to the class action context* (and thus, does not—as [the defendant] attempts to argue here—overrule *Pitts* [*v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011),] *sub silentio*. The present case was filed as a proposed *Rule 23 class action*—which also means that *the discussion in Genesis is of only limited applicability*, and *Pitts* remains controlling.

**_Canada v. Meracord,_ LLC, 2013 WL 2450631 at \*1 (W.D. Wash. June 6, 2013) (emphases added):**

> Although [*Genesis Healthcare*] discussed cases involving class certification issues, *there is nothing to indicate that the specific holding extends beyond FLSA collective actions*. In fact, *the Court explicitly distinguished class certification case law on the issues of significant personal stake, inherently transitory claims, and frustrating the purposes of class actions by allowing a defendant to "pick off" named plaintiffs*. [*Genesis Healthcare*, 133 S. Ct.] at 1530-1532. As such, this Court declines to apply the *Genesis* holding to the facts of this class action and denies the motion to dismiss.

*Falls v. Silver Cross Hosp. & Med. Ctrs.*, **2013 WL 2338154
at \*1 (N.D. Ill. May 24, 2013) (emphases added):**

> [T]he *Genesis* majority opinion took pains to distinguish the
> long-standing Supreme Court doctrine that had rejected
> mootness arguments on the bases (1) that those earlier cases
> had arisen *in the context of Rule 23 class actions* and (2)
> that "th[o]se cases are inapposite, *both* because *Rule 23
> actions are fundamentally different from collective actions
> under the FLSA . . . and* because th[o]se cases are, by their
> own terms, inapplicable to these facts".

The only case that Defendants cite that held that *Genesis Healthcare* applies in

Rule 23 actions is *Masters v. Wells Fargo Bank S. Central, N.A.*, 2013 WL 3713492

(W.D. Tex. July 11, 2013). *See* Def. Br. at 12-13, 19. However, unlike the several

opinions detailed above, *Masters* completely disregarded the fact that *Genesis*

*Healthcare* explicitly contrasted FLSA collective actions with Rule 23 class actions.

In *Keim v. ADF MidAtlantic*, 2013 U.S. Dist. LEXIS 98373 (S.D. Fla. July 15,

2013), upon which Defendants also rely for having held that an offer of judgment that

moots a named plaintiff's individual claims thereby moots the class claims as well, *see*

Def. Br. at 13-14, the court, based on "the rationale of *Damasco* [*v. Clearwire Corp.*,

662 F.3d 891 (7th Cir. 2011)], and *Krzykwa* [*v. Phusion Projects, LLC*, 920 F. Supp.

2d 1279 (S.D. Fla. 2012)]," *Keim v. ADF MidAtlantic*, 2013 U.S. Dist. LEXIS 98373

at \*24, dismissed the case for lack of subject-matter jurisdiction where the plaintiff,

without having yet moved for Rule 23 class certification, received an offer of judgment

for the maximum potential amount of his individual claims. However, *Damasco* (which

Plaintiffs discuss in Point I(D), note 10, *supra*) and *Krzykwa* (which relied solely upon *Damasco*, *see Krzykwa*, 920 F. Supp. 2d at 1281-1283), held, unlike the Third Circuit in *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004), that, as a general matter, the relation-back doctrine is inapplicable to Rule 23 actions. Indeed, as noted in footnote 14, *supra*, the *Damasco* court *contrasted* its holding with that of *Weiss* and three other circuit cases that, like *Weiss*, held in favor the general applicability of the relation-back doctrine.

## CONCLUSION

Based upon the foregoing, Plaintiffs respectfully request that this Court deny

Defendants' motion, and grant Plaintiffs any relief that the Court deems just and proper.

Dated: December 23, 2013

Respectfully submitted,

**s/ *P. Timothy Kelly***

P. Timothy Kelly
Penn. Bar ID 36843
MATTISE & KELLY, P.C.
Suite 400, SNB Plaza
108 N. Washington Avenue
Scranton, PA 18503
Tel.: (570) 504-3200
Fax: (570) 504-3209
tim@mattise-kelly.com

Todd C. Bank
N.Y. Bar ID 2789527
(admitted *pro hac vice*)
LAW OFFICE OF TODD C. BANK
119-40 Union Turnpike, 4th Floor
Kew Gardens, NY 11415
Tel.: (718) 520-7125
Fax: (856) 997-9193
tblaw101@aol.com

Daniel A. Osborn
N.Y. Bar ID 2429611
(admitted *pro hac vice*)
OSBORN LAW PC
295 Madison Avenue, 39th Floor
New York, NY 10017
Tel.: (212) 725-9800
Fax: (212) 725-9808
dosborn@osbornlawpc.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 23, 2013, a true and accurate copy of the foregoing document was filed electronically via the Court's electronic-filing (ECF) system. Notice of this filing will be sent to all parties by operation of the Court's ECF system and copies will be mailed to those parties, if any, by certified mail who are not served via the Court's ECF system.

Dated: December 23, 2013

<u>s/ *Todd C. Bank*</u>