# UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARI WEITZNER, M.D. and | : | |
| ARI WEITZNER, M.D., P.C., | : | |
| individually and on behalf of all others | : | |
| similarly situated, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| vs. | : | Civil Action No. 3:11-CV-02198 |
| | : | |
| SANOFI PASTEUR INC., formerly known | : | |
| as AVENTIS PASTEUR INC., and | : | |
| VAXSERVE INC., formerly known as | : | |
| VACCESS AMERICA INC., | : | |
| | : | JUDGE A. RICHARD CAPUTO |
| Defendants | : | |

## DEFENDANTS' MOTION TO CERTIFY FOR IMMEDIATE INTERLOCUTORY APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT PURSUANT TO 28 U.S.C. §1292(B) THIS HONORABLE COURT'S MARCH 12, 2014 ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1), AND MOTION FOR STAY OF PROCEEDINGS

AND NOW come Defendants, Sanofi Pasteur Inc., formerly known as Aventis Pasteur Inc. and VaxServe Inc., formerly known as Vaccess America Inc.

[hereinafter, collectively, "Defendants"], by and through their attorneys, Carl J. Greco, P.C., who respectfully move this Honorable Court to enter an order certifying the Court's March 12, 2014 Order denying Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) for immediate interlocutory appeal to the United States Court of Appeals for the Third Circuit, and to stay proceedings pending the certification and appeal process, and in support thereof, state as follows:

1.     On November 26, 2011, Plaintiffs, Ari Weitzner, M.D. and Ari Weitzner, M.D., P.C., individually and on behalf of all others similarly situated, filed a putative class action complaint, alleging violation(s) of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq.*

2.     The Plaintiffs have not moved for class certification pursuant to Fed. R. Civ. P. 23 or pursuant to M.D. Pa. L.R. 23.3.

3.     On November 12, 2013, Defendant Sanofi Pasteur Inc. filed its Answer and Affirmative Defenses to Plaintiffs' Complaint.

4.     On November 12, 2013, Defendant VaxServe Inc. filed its Answer and Affirmative Defenses to Plaintiffs' Complaint.

5.     On November 15, 2013, Defendants Sanofi Pasteur Inc. and VaxServe Inc. served an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68

upon Plaintiff, Ari Weitzner, M.D., offering for judgment to be entered against Defendants for the maximum statutory relief available to Plaintiff, Ari Weitzner, M.D.

6.     On November 15, 2013, Defendant Sanofi Pasteur Inc. and VaxServe Inc. served an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68 upon Plaintiff, Ari Weitzner, M.D., P.C., offering for judgment to be entered against Defendants for the maximum statutory relief available to Plaintiff, Ari Weitzner, M.D., P.C.

7.     Plaintiffs did not respond to Defendants' Rule 68 Offers of Judgment.

8.     On December 4, 2013, Defendants filed a motion and brief in support thereof to dismiss Plaintiffs' claims and those of the putative class pursuant to Federal Rule of Civil Procedure 12(b)(1).

9.     Following briefing by the parties, by Opinion and Order dated March 12, 2014, this Honorable Court denied Defendants' Motion. [True and correct copies are attached hereto and identified as Exhibits A and B, respectively].

## I.     Motion to Certify for Immediate Interlocutory Appeal

10.     Paragraphs 1 through 9 are incorporated by reference as though set forth fully herein.

11.    Defendants respectfully request that this Honorable Court certify its March 12, 2014 Order for immediate interlocutory appeal of the following question:

> Whether an unaccepted offer of judgment under *Rule 68* in a putative class action, when the offer is made before the plaintiff files a motion for class certification pursuant to *Rule 23*, moots the plaintiff's entire action, including the putative class claims, and thereby deprives the court of federal subject matter jurisdiction.

12.    Federal courts of appeal have jurisdiction over appeals from "final orders" unless there is a specific exception which permits an interlocutory appeal. See Keys v. Carroll, 2012 U.S. Dist. LEXIS 22020 at *20 (M.D. Pa. Feb. 22, 2012).

13.    Interlocutory orders generally may be appealed when the district court certifies them pursuant to 28 U.S.C. §1292(b), which states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. §1292(b).

14.     This Court may certify an order for immediate appeal if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Sakalas v. Wilkes-Barre Hospital Co., et al., 2012 U.S. Dist. LEXIS 146723 at **2-3 (M.D. Pa. Oct. 11, 2012); Pappa v. Unum Life Ins. Co. of Am., 2008 U.S. Dist. LEXIS 39560 at **2-4 (M.D. Pa. May 12, 2008) (citing 28 U.S.C. §1292(b)).

15.     The decision to certify an order for an immediate appeal lies within the sound discretion of the trial court. Albert v. Nationwide Mut. Fire Ins. Co., 2001 U.S. Dist. LEXIS 16435 at *17 (M.D. Pa. May 22, 2001).

16.     The burden is on the party seeking certification to the appellate court to demonstrate that there are "exceptional circumstances" which justify a "departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment." Sakalas v. Wilkes-Barre Hospital Co., et al., 2012 U.S. Dist. LEXIS 146723 at *4 (M.D. Pa. Oct. 11, 2012) (citing LR. v. Manheim Twp. Sch. Dist., 540 F. Supp. 2d 603, 608 (E.D.Pa. 2008)).

17.     Exceptional circumstances may be shown if a case presents a unique issue of civil procedure that involves a recognized split of authority among the Circuits, which has the potential to arise in future disputes. See A.S. v. SmithKline

Beecham Corp., 2013 U.S. Dist. LEXIS 173975 at *9 (M.D.Pa. December 12, 2013).

18.    Requests for interlocutory appeals should be timely filed, such that requests for prompt review are necessarily required to demonstrate that "immediate" appeal will "materially advance the termination of the litigation." Koger v. Marian Klco et al., 2010 U.S. Dist. LEXIS 116919 at **4-5 (D.N.J. Nov. 3, 2010).

19.    The district court may certify an order for immediate appeal if all three requirements set forth in §1292(b) are met.

20.    A district court may certify a question of law to a Court of Appeals pursuant to 28 U.S.C. §1292(b) if the case involves a controlling question of law.

21.    The fundamental issue of subject matter jurisdiction is "one of the clearest examples of a 'controlling question of law' within the meaning of §1292(b). Beazer East v. Mead Corp., 2006 U.S. Dist. LEXIS 74743 at *5 (W.D.Pa. Oct. 12, 2006).

22.    A question of law is controlling if (1) an incorrect disposition would constitute reversible error and (2) it is serious to the conduct of the litigation, either practically or legally. Eisenberger v. Chesapeake Appalachia, LLC, 2010 U.S. Dist. LEXIS 44017 at *11 (M.D.Pa. May 5, 2010).

23.     A controlling question of law is one that results in reversal of a judgment after final hearing. See Katz v.Carte Blanche Corp., 496 F.2d 747, 755 (3rd Cir. 1974).

24.     A question of law is deemed to be "controlling" if reversal of the order terminates the action or "a determination of the issue on appeal would materially affect the outcome of the litigation." Charleswell v. Chase Manhattan Bank, N.A., 277 F.R.D. 277, 284 (D.V.I. 2011).

25.     The question of whether an unaccepted offer of judgment under *Rule 68* in a putative class action, when the offer is made before the plaintiff files a motion for class certification pursuant to *Rule 23*, moots the plaintiff's entire action, including the putative class claims, and thereby deprives the court of federal subject matter jurisdiction, following the decision in Genesis Healthcare v, Symczyk, 133 S. Ct. 1523, 185 L. Ed.2d 636 (2013), is a controlling question of law, and it is respectfully submitted that prong one of the requirements pursuant to §1292(b) is satisfied, and Defendants' Motion should be granted.

26.     A district court may certify a question of law to a Court of Appeals pursuant to 28 U.S.C. §1292(b) if there is substantial ground for difference of opinion.

27.    A "substantial ground for difference of opinion exists when there is genuine doubt or conflicting precedent as to the correct legal standard." <u>Sakalas,</u> 2012 U.S. Dist. LEXIS at *4 (citing <u>P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.,</u> 161 F. Supp. 2d 355, 360 (D.N.J. 2001)).

28.    Interlocutory appeals are appropriate if there is genuine doubt concerning the legal standard governing a particular case. <u>Knipe v. SmithKline Beecham,</u> 583 F. Supp.2d 553, 599 (E.D.Pa. 2008).

29.    Conflicting interpretations by numerous courts is sufficient for a Court to conclude that there is a "substantial ground for difference of opinion." <u>Beazer East</u>, 2006 U.S. Dist. LEXIS 74743 at *7.

30.    The "clearest evidence" of "substantial grounds for difference of opinion" is where there are "conflicting interpretations from numerous courts." <u>Knopick v. Downey,</u> 2013 U.S. Dist. LEXIS 150514 at * 14 (M.D. Pa. Oct. 21, 2013)(citing <u>Beazer East,</u> 2006 U.S. Dist. LEXIS at *7).

31.    There is "substantial ground for difference of opinion where the controlling issue was left open by the Supreme Court. <u>See</u> <u>Eisenberger,</u> 2010 U.S. Dist. LEXIS 44017 at *11.

32.    There is "substantial ground for difference of opinion" as to whether an unaccepted offer of judgment under *Rule 68* in a putative class action, when the

offer is made before the plaintiff files a motion for class certification pursuant to *Rule 23*, moots the plaintiff's entire action, including the putative class claims, and thereby deprives the court of federal subject matter jurisdiction.

33.    The question presents a controlling question of law over which there is a substantial difference of opinion, as evidenced by the split between the Circuits. See Yaakov, 2014 U.S. Dist. LEXIS 7793 at *12; E.g.   Damasco v. Clearwire Corp., 662 F.3d 891, 896 (7th Cir. 2011) (holding that an unaccepted Rule 68 offer moots a plaintiff's claims and the claim is dismissed); Warren v. Sessoms & Rogers, P.A., 676 F.3d 365, 371 (4th Cir. 2012)([w]hen a Rule 68 offer unequivocally offers a plaintiff all of the relief she sought to obtain, the offer renders the plaintiff's action moot.); Sandoz v. Cingular Wireless LLC, 553 F.3d 913, 920-21 (5th Cir. 2008)(A named plaintiff in a proposed class action for monetary relief may proceed to seek timely class certification where an unaccepted offer of judgment is tendered in satisfaction of the plaintiff's individual claim before the court can reasonably be expected to rule on the class certification motion); Lucero v. Bureau of Collection Recovery, Inc., 639 F.3d 1239, 1250 (10th Cir. 2011)(*Same*); Diaz v. First Am. Home Buyers Prot. Corp., 732 F.3d 948, 954-55 (9th Cir. 2013)("an unaccepted Rule 68 offer that would have fully satisfied a plaintiff's claim does not render that claim moot."); O'Brien v. Ed

<u>Donnelly Enters., Inc.</u>, 575 F.3d 567, 574-75 (6th Cir. 2009)("an offer of judgment that satisfies a plaintiff's entire demand moots the case," but holds that "the better approach is to enter judgment in favor of the plaintiffs in accordance with the defendants' Rule 68 offer of judgment.").

34.    This Honorable Court's March 12, 2014 Order recognized the split among the Circuits regarding this issue, noting that the "Circuits are split on the question of 'whether an unaccepted offer of judgment under [R]ule 68 in a purported class action moots a Plaintiff's claim if the offer is made before the Plaintiff files a motion to certify the class.'" <u>See</u> Exhibit A at p. 5.

35.    The Circuit split over this issue was recognized by the United States District Court for the District of Massachusetts in <u>Bais Yaakov of Spring Valley v. ACT, Inc.</u>, 2014 U.S. Dist. LEXIS 7793 at *3 (D. Mass. Jan. 22, 2014), which was also cited and recognized by this Honorable Court in its March 12, 2014 Opinion.

36.    In agreeing to certify the same issue for immediate appeal to the First Circuit, the court in <u>Yaakov</u> stated:

> The parties agree, as does this Court, that the proposed question[1] for certification presents a difficult question of law not settled by controlling authority. As examined in this Court's denial of Defendant's motion to dismiss, there is a split amongst the Circuit

---

[1]    The proposed question is identified as: "Whether an unaccepted offer of judgment under *Rule 68* in a putative class action, when the offer is made before the Plaintiff files a motion to certify the class, moots the Plaintiff's entire action and thereby deprives a court of federal subject matter jurisdiction?" <u>Yaakov,</u> 2014 U.S. Dist. LEXIS 7793 at *2.

courts, and no controlling authority in the First Circuit as to whether an unaccepted offer of judgment under *rule 68* in a purported class action moots a plaintiff's claim(s) if the offer is made before the plaintiff files a motion to certify the class.

Yaakov, 2014 U.S. Dist. LEXIS 7793 at *3.

37.    Courts within this Circuit have limited the application of Weiss to certain narrow exceptions, even before the Supreme Court decision in Genesis Healthcare v. Symczyk, 133 S. Ct. 1523 (2013). See Merrifield v. United States, 2011 U.S. Dist. LEXIS 32533 at *16 (D.N.J. March 28, 2011); Cf. Smith v. NCO Fin. Sys., 257 F.R.D. 429, 432 (E.D. Pa. 2009)(application of Weiss in a putative class action for violations under the Fair Debt Collection Practices Act (FDCPA), considering the Supreme Court's decision in Roper).

38.    The United States District Court for the District of New Jersey, in Merrifield v. United States, 2011 U.S. Dist. LEXIS 32533 at *16 (D.N.J. March 28, 2011) specifically discussed the application of Weiss v. Regal Collections, 385 F.3d 337 (3rd Cir. 2004) in a *Rule 68* context, explaining:

The Third Circuit reasoned that, because Congress created a separate statutory damages scheme under the FDCPA for class action damages, which would be rendered meaningless if putative class action defendants could pick off any individual plaintiff with a relatively inexpensive *Rule 68* offer before the plaintiff could move to certify a class, that [sic] a small exception to the mootness rule should be created for such situations…. Consequently, the Court interpreted *Rule 68* offers in light of the goals of *Rule 23* and the FDCPA to allow individual claims to survive an involuntary *Rule 68* offer to pursue statutory class action damages.

11

Merrifield, 2011 U.S. Dist. LEXIS 32533 at *17.

39.     As discussed in Merrifield, the narrow exception set forth in Weiss was based upon the statutory class action damages scheme set forth in the FDCPA, and thus there is substantial ground for difference of opinion in the application of Weiss in a Rule 23 class action setting, particularly since the decision in Genesis Healthcare.

40.     This Honorable Court references Reardon v. ClosetMaid Corp., 2013 U.S. Dist. LEXIS 169821 (W.D.Pa. Dec. 2, 2013) in its Opinion as a case within this Circuit which has continued to apply Weiss. However, in Reardon, a motion for class certification had already been filed and Defendants were seeking to decertify the class. See Reardon, 2013 U.S. Dist. LEXIS 169821 at **12-13.

41.     The Court in Reardon cited Weiss for the "well settled" principle that "once a class has been certified, mooting a class representative's claim does not moot the entire action," not for the application of the relation back doctrine in a situation where a motion for class certification had not been filed. Id. at *6 n. 4.

42.     The controlling issue in this case – whether an unaccepted Rule 68 Offer of Judgment to Plaintiffs before a motion for class certification has been filed moots a plaintiff's claim -- was left open by the Supreme Court in its decision in Genesis Healthcare.

43.     Similar to the decision in <u>Yaakov,</u> the question presents a controlling question of law over which there is a substantial difference of opinion, as evidenced by the split between the Circuits. <u>See</u> <u>Yaakov,</u> 2014 U.S. Dist. LEXIS 7793 at *12.

44.     Resolution of this question may terminate this litigation, as a decision overturning this Honorable Court's denial will result in the dismissal of the case in its entirety. <u>Id.</u>

45.     Although Defendants have argued and maintain that the decision in <u>Genesis Healthcare</u> effectively overruled the Third Circuit's decision in <u>Weiss v. Regal Collections,</u> the Third Circuit has not addressed the issue since the issuance of the decision in <u>Genesis Healthcare</u>.

46.     The Third Circuit relied heavily upon the decision in <u>Weiss</u> in its decision in <u>Symczyk v. Genesis Healthcare,</u> 656 F.3d 189 (3rd Cir. 2011), a decision which was ultimately overturned by the Supreme Court in <u>Genesis Healthcare v. Symczyk,</u> 133 S. Ct. 1523, 185 L. Ed.2d 636 (2013).

47.     Therefore, there remains a split amongst the Circuits, and there is substantial ground for difference of opinion regarding the applicability of <u>Weiss</u> with respect to Rule 68 Offers of Judgments when a motion or class certification has not been filed, following the decision in <u>Genesis Healthcare,</u> and thus it is

respectfully submitted that the second prong of the requirements of 28 U.S.C. §1292(b) is also satisfied.

48.    A district court may certify a question of law to a Court of Appeals pursuant to 28 U.S.C. §1292(b) if an immediate appeal from the order will materially advance the ultimate termination of the litigation.

49.    Whether an immediate appeal will materially advance the ultimate termination of the litigation considers the following: (1) whether the need for trial would be eliminated, (2) whether trial would be simplified by the elimination of complex issues, and (3) whether discovery could be conducted more expeditiously and less expensively. Keys v. Carroll, 2012 U.S. Dist. LEXIS 22020 at *23 (M.D.PA. Feb. 22, 2012)(citing Eisenberger, 2010 U.S. Dist. LEXIS 44017 at *4)).

50.    Where discovery has been ongoing and a case is ready for trial, an interlocutory appeal will likely not advance the "ultimate termination of the litigation." Knopick, 2013 U.S. Dist. LEXIS 150514 at *15 (citing Bradburn Parent Teacher Store v. Minn. Mining & Mfg. Co., 2005 U.S. Dist. LEXIS 15815 at *4 (E.D.Pa. Aug. 2, 2005)).

51.    A case management conference has not been held between the parties, and thus, the matter is clearly not ready for trial and has not substantially progressed through the litigation process.

52.   If the Third Circuit determines that the Supreme Court's decision in Genesis Healthcare has effectively overruled the decision in Weiss with respect to the "relation back doctrine", Plaintiffs' claim will be dismissed as moot as this Court will lack subject matter jurisdiction. See Knopick, 2013 U.S. Dist. LEXIS 150514 at **15-16.

53.   A reversal of the March 12, 2014 Order will effectively terminate this litigation.

54.   An immediate appeal of the question of whether a Rule 68 Offer of Judgment moots Plaintiffs' claims, and thus the claims of the putative class when no motion for class certification has been filed, following the decision in Genesis Healthcare, will materially advance the termination of the litigation, and it is respectfully submitted that the third prong of the requirements of 28 U.S.C. §1292(b) is also satisfied.

WHEREFORE Defendants respectfully request that this Honorable Court enter an order certifying for immediate interlocutory appeal to the United States Court of Appeals for the Third Circuit this Court's March 12, 2014 Order denying Defendants' Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, certifying the following question:

> Whether an unaccepted offer of judgment under *Rule 68* in a putative class action, when the offer is made before the plaintiff files a motion

for class certification pursuant to *Rule 23*, moots the plaintiff's entire action, including the putative class claims, and thereby deprives the court of federal subject matter jurisdiction.

or any other relief this court deems necessary and appropriate under these circumstances.

## II.     Motion for Stay of Proceedings

55.     Defendants incorporate Paragraphs 1 through 54 by reference as though set forth fully herein.

56.     Federal Courts have inherent power to control their dockets. <u>Bechtel Corp. v. Local 215, Laborers' Int'l Union of North America</u>, 544 F.2d 1207, 1215 (3d Cir. 1976)(*quoting* <u>Landis v. North American Co.,</u> 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1937))("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance").

57.     In determining whether a stay is appropriate, courts have considered the following factors: (1) whether a stay will simplify the issues and promote judicial economy; (2) the balance of harm to the parties; and (3) the length of the

stay. See Cheyney State Coll. Faculty v. Hufstedler, 703 F.2d 732, 737-38 (3d Cir.1983).

58.     Defendants have sought certification from this Honorable Court to immediately appeal the denial of Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) to the Third Circuit.

59.     If this Honorable Court grants Defendants' request, Defendants respectfully request that this Court also enter an Order staying this matter until Defendants have had the opportunity to file a Petition for Permission to Appeal with the Third Circuit, and for the Third Circuit to have the opportunity to consider Defendants' Petition.

60.     Defendants are not permitted to file the Petition for Permission to Appeal until this Court has certified the March 12, 2014 Order for immediate appeal.

61.     Pursuant to Fed. R. App. P. 5, if this Court grants Defendants' Motion, Defendants must file their Petition for Permission to Appeal within ten (10) days of the Order certifying the appeal. The Third Circuit will then have the opportunity to consider Defendants' Petition. Accordingly, there will be no substantial delay in the proceedings, as Defendants are required to pursue their

appeal quickly within the time constraints of the Federal Rules of Appellate Procedure.

62.     It is respectfully submitted that a short stay will aid in the efficient resolution of this matter, and that such stay will not prejudice any party to this action.

63.     The requested stay will promote judicial economy and help simplify the issues.

64.     A stay will allow sufficient time for the certification and appeal process to conclude. See Yaakov, 2014 U.S. Dist. LEXIS 7793 at *11.

65.     It is respectfully submitted that this Court enter an order staying these proceedings pending the Third Circuit's decision on Defendants' to-be-filed Petition for Permission to Appeal. If the Third Circuit grants Defendants' Petition, this matter will ultimately be stayed pending the Third Circuit's decision.

66.     Defendants believe that their requested stay is reasonable in that Defendants are limited in the time permitted to petition the Third Circuit for permission to appeal, and, therefore, the length of the stay will not be substantial.

67.     The requested stay will not interfere with the parties' ability to comply with or meet any other date specified by the Court, and will allow sufficient time for the certification and appeal process to conclude.

68.    Defendants believe and aver that the requested stay will not prejudice any party to this action and will substantially aid the orderly and just disposition of this matter.

69.    Defendants' counsel contacted Plaintiffs' counsel of record, P. Timothy Kelly, on March 26, 2014 about Defendants' Motion, and Plaintiffs' counsel's concurrence was not obtained.

WHEREFORE, Defendants respectfully request that this Honorable Court grant Defendants' Motion and enter an Order staying these proceedings pending the certification and appeal process to the Third Circuit, and order any other relief this court deems necessary and appropriate under the circumstances.

Respectfully submitted,

CARL J. GRECO, P.C.

BY:   /s/Carl J. Greco
      CARL J. GRECO, ESQ.
      PA ID 27561
      *Attorney for Defendants, Sanofi Pasteur Inc., formerly known as Aventis Pasteur Inc.* and *VaxServe Inc. formerly known as Vaccess America Inc.*
      327 N. Washington Ave.
      Professional Arts Building, 4th Floor
      Scranton, PA  18503
      (570) 346-4434
      (570) 346-4442 facsimile
      cjgreco@cjgrecolaw.com

**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ARI WEITZNER, M.D. and | : | |
| ARI WEITZNER, M.D., P.C., | : | |
| Plaintiffs | : | |
| vs. | : | Civil Action No. 3:11-CV-02198 |
| | : | |
| SANOFI PASTEUR INC., formerly known | : | |
| as AVENTIS PASTEUR INC., and | : | |
| VAXSERVE INC., formerly known as | : | |
| VACCESS AMERICA INC., | : | |
| Defendants | : | JUDGE A. RICHARD CAPUTO |

## CERTIFICATE OF SERVICE

I, Carl J. Greco, Esq., hereby certify that on this 26th day of March, 2014, I served a true and correct copy of Defendants' Motion to Certify for interlocutory appeal to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. §1292(b) this Honorable Court's March 12, 2014 Order denying Defendants' Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and Motion for Stay of Proceedings, via electronic mail delivery through the Electronic Case Filing System of the United States Middle District of Pennsylvania, which is available for immediate delivery, upon the following:

P. Timothy Kelly, Esq.
Mattise & Kelly, P.C.
Suite 400, SNB Plaza
108 N. Washington Ave.
Scranton, PA 18503

Todd C. Bank, Esq.
Law Office of Todd C. Bank
119-40 Union Turnpike, 4th Floor
Kew Gardens, NY 11415

Daniel A. Osborn, Esq.
Osborn Law PC
295 Madison Avenue
39th Floor
New York, NY 10017

Respectfully submitted,

CARL J. GRECO, P.C.

BY: /s/Carl J. Greco
_____
CARL J. GRECO, ESQ.
PA ID 27561
*Attorney for Defendants, Sanofi Pasteur Inc., formerly known as Aventis Pasteur Inc. and VaxServe Inc. formerly known as Vaccess America Inc.*
327 N. Washington Ave.
Professional Arts Building
4th Floor
Scranton, PA  18503
(570) 346-4434
(570) 346-4442 facsimile
cjgreco@cjgrecolaw.com