# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARI WEITZNER and ARI WEITZNER, M.D., P.C., Individually and on Behalf of All Others Similarly Situated, | CIVIL ACTION NO. 3:11-cv-2198 |
| Plaintiffs, | (JUDGE CAPUTO) |
| v. | |
| SANOFI PASTEUR, INC. formerly known as AVENTIS PASTEUR INC., and VAXSERVE, INC., formerly known as VACCESS AMERICA INC. | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. 59) filed by Defendants Sanofi Pasteur, Inc. and Vaxserve, Inc (collectively, "Defendants"). Plaintiffs Ari Weitzner and Ari Weitzner, M.D., P.C. (collectively, "Plaintiffs") filed a complaint against Defendants on November 26, 2011 (Doc. 1) for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(c). Plaintiffs brought these claims on behalf of themselves and all persons or entities similarly situated, but Plaintiffs have yet to file a motion for class certification. Defendants made an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68 ("Rule 68"). Defendants now seek dismissal of Plaintiffs' class complaint, arguing that their Rule 68 Offer of Judgment moots both Plaintiffs' individual claims and the putative class claims. Because, absent undue delay, the relation back doctrine applies to the filing of a motion for class certification, Defendants' motion to dismiss will be denied.

## BACKGROUND

Plaintiffs, a physician and a professional corporation located in Brooklyn, New York, allege that "[b]eginning at least as early as April 21, 2004, Defendants transmitted more than 10,000 facsimiles to Plaintiffs and the other members of the Class" and that these facsimiles "were transmitted without the prior express invitation or permission of Plaintiffs and the other members of the Class." (Doc. 1, ¶¶ 10-11.) Plaintiffs claim that the transmission of these facsimiles violated the TCPA and that as a result, they and the members of the class are entitled to statutory damages and an order enjoining Defendants from transmitting additional advertisements in violation of the TCPA. *Id.* at ¶¶ 13-16. Therefore, Plaintiffs brought this action against Defendant on their own behalf and seeking to represent a class of similarly situated people and entities.[1]

On February 6, 2012, Defendants filed a Motion for Abstention, or, in the alternative, to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, to Stay Proceedings" (Doc. 20). Oral argument on this motion was set for April 4, 2012. Argument was eventually held on April 26, 2012. On May 14, 2012 the Court denied Defendants' motion. *Weitzner v. Sanofi Pasteur, Inc.*, No. 11-cv-2198, 2012 WL 1677340 (M.D. Pa. May 14, 2012). Defendants filed a Motion for Reconsideration, or in the alternative, Motion for Abstention, or in the alternative, Motion to Stay (Doc. 41) on May 28,

---

[1] The purported class includes "all persons or entities (i) whose facsimile numbers were licensed, rented or purchased by defendants Vaxserve or Sanofi from List Strategies, Inc.; (ii) whose facsimile numbers did not exist in defendants' database on the date of defendants' receipt thereof from List Strategies, Inc.; and (iii) who received an unsolicited facsimile advertisement trasmitted to them on behalf of defendants by VisionLab, Inc., Westfax, Inc. or Velofax LLP between February 14, 2005 and the date of resolution of this lawsuit (the "class" and the "class period" respectively)." (Doc. 1, ¶ 17.)

2

2012, which was in turn eventually denied on September 26, 2013. *Weitzner v. Sanofi Pasteur, Inc.*, No. 11-cv-2198, 2013 WL 5411729 (M.D. Pa. Sept. 26, 2013). Defendants filed Answers to Plaintiffs' Complaint on November 12, 2013 (Docs. 57-58).

On November 15, 2013, Defendants made a Rule 68 Offer of Judgment to each Plaintiff, claiming to "satisfy the claims of Plaintiffs . . . and provide each Plaintiff with the maximum relief available under the law to which each would be entitled were they to prevail in this case." (Doc. 60-1, 1-2.) Plaintiffs did not respond to this offer and have not yet moved for class certification under Federal Rule of Civil Procedure 23. On December 4, 2013, Defendants filed the instant motion to dismiss. Defendants' motion is fully briefed and is thus ripe for review.

## DISCUSSION

**I.  Legal Standard**

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint, in whole or in part, for a "lack of subject-matter jurisdiction." See Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) motions may take one of two forms: a facial attack to the sufficiency of the pleading or a factual attack. *See Democracy Rising PA v. Celluci*, 603 F. Supp. 2d 780, 788 (M.D. Pa. 2009). A factual attack involves a claim "that the court in fact lacks subject-matter jurisdiction, no matter what the complaint alleges." *NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 341 n. 7 (3d Cir. 2001) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977)).

When subject-matter jurisdiction is factually challenged pursuant to Rule 12(b)(1), as it is here, the plaintiff bears the burden of persuasion. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406,

3

1409 (3d Cir. 1991)); *see also Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). This is a much more demanding standard than that applied to Rule 12(b)(6). *Id.* And, "[b]ecause at issue in a factual 12(b)(1) motion is the trial court's jurisdiction . . . there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891. Thus, "in reviewing a factual attack, the court may consider evidence outside of the pleadings." *Gould Electronics Inc. v. U.S.*, 220 F.3d 169, at 176 (3d Cir. 2000) (citing *Gotha v. United States*, 115 F.3d 176, 178–79 (3d Cir. 1997)). As such, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claim." *Mortensen*, 549 F.2d at 891.

Article III of the United States Constitution limits the jurisdiction of federal courts to "'Cases' and 'Controversies,' which restricts the authority of federal courts to resolving 'the legal rights of litigants in actual controversies.'" *Genesis Healthcare Corp. v. Symczyk*, — U.S.—, 133 S. Ct. 1523, 1528, 185 L. Ed. 2d 636 (2013)(quoting *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 471, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982))(internal citation omitted). "A corollary to this case-or-controversy requirement is that 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Id.* (quoting *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67, 117 S. Ct. 1055, 137 L. Ed. 2d 170 (1997))(internal citation omitted). "When the issues presented in a case are no longer 'live' or the parties lack a legally cognizable interest in the outcome, the case becomes moot and the court no

longer has subject matter jurisdiction." *Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004) (citing *County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S. Ct. 1379, 59 L. Ed. 2d 642 (1979)). A "district court lacks subject-matter jurisdiction when the controversy becomes moot." *Goodman v. People's Bank*, 209 F. App'x 111, 113 (3d Cir. 2006).

## II. Analysis

Defendants contend that the Court should dismiss Plaintiffs' Complaint because the Plaintiffs' individual claims and the putative class claims were rendered moot by Defendants' Rule 68 Offers of Judgment. (Doc 61, 4.) Rule 68 provides that "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). Defendants assert that their Rule 68 offers provided for the maximum relief that the Plaintiffs could recover, and as such, their motion to dismiss should be granted because the Plaintiffs no longer have a personal stake in the outcome of the litigation.

The Circuits are split on the question of "whether an unaccepted offer of judgment under [R]ule 68 in a purported class action moots a Plaintiff's claim if the offer is made before the Plaintiff files a motion to certify the class." *Yaakov v. ACT, Inc.*, – F. Supp. 2d –, No. 12-40088, 2013 WL 6596720, at * 2 (D. Mass. Dec. 16, 2013), *amended by* No. 12-40088, 2014 WL 257430 (D. Mass. Jan. 22, 2014). Judge Hillman summarizes the law in *Yaakov*:

> The Seventh Circuit holds that an unaccepted Rule 68 offer moots a plaintiff's claims and the claim is dismissed. *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011). The Fourth Circuit agrees, holding that "[w]hen a Rule 68 offer unequivocally offers a plaintiff all of the relief she sought to

5

> obtain, the offer renders the plaintiff's action moot." *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 371 (4th Cir. 2012) (internal citations omitted). The Sixth Circuit holds that the unaccepted offer moots the case, but that judgment should be entered for the plaintiff in accordance with the [R]ule 68 offer. *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 574–75 (6th Cir. 2009). This is the position of the Second Circuit as well. *McCauley v. Trans Union, LLC.*, 402 F.3d 340, 342 (2d Cir. 2005).
>
> The Third Circuit has ruled that an offer of judgment in a class action suit does not moot the action when the offer is made so early that the representative could not have filed a class certification motion yet, though it does moot the individual claim(s). *Weiss v. Regal Collections*, 385 F.3d 337, 347–48 (3[d] Cir. 2004). The Fifth Circuit and Tenth Circuit have both followed the holding in *Weiss*. *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920–21 (5th Cir. 2008); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1250 (10th Cir. 2011) ("[W]e hold that a named plaintiff in a proposed class action for monetary relief may proceed to seek timely class certification where an unaccepted offer of judgment is tendered in satisfaction of the plaintiff's individual claim before the court can reasonably be expected to rule on the class certification motion.").
>
> In recent decision, the Ninth Circuit unequivocally held that "an unaccepted Rule 68 offer that would have fully satisfied a plaintiff's claim does not render that claim moot." *Diaz v. First Am. Home Buyers Prot. Corp.*, 732 F.3d 948, 954–55 (9th Cir. 2013). The Court explained that once the offer lapsed it became "a legal nullity" under Rule 68, and thus the Plaintiff's claim remained unsatisfied. *Id*.

*Id.* at *2-3. While Plaintiffs urge the Court to adopt the Ninth Circuit's approach in *Diaz*, Third Circuit Court of Appeals has clearly already addressed the issue at hand in *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004), and the Court remains bound by that opinion.

### A. Plaintiffs' Individual Claims

In *Weiss* the Third Circuit Court of Appeals explains that "[a]n offer of complete relief will generally moot the plaintiff's claim, as at that point the plaintiff retains no personal interest in the outcome of the litigation." *Weiss*, 385 F.3d at 340 (citing *Rand v. Monsanto*

6

*Co.*, 926 F.2d 596, 598 (7th Cir.1991)("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake.") (internal citation omitted)). However, while an unaccepted settlement offer may render a plaintiff's claim moot if it offers to provide the plaintiff with complete relief, the Seventh Circuit Court of Appeals recently held that "if the defendant offers to pay only what it thinks might be due, the offer does not render the plaintiff's case moot." *Scott v. Westlake Services, LLC*, – F.3d – , 2014 WL 250252, at *2 (7th Cir. Jan. 23, 2014)(citing *Gates v. Towery*, 430 F.3d 429, 431–32 (7th Cir. 2005)). Therefore, as a threshold matter, the Court addresses whether Defendants' Rule 68 Offers of Judgment provided Plaintiffs with complete relief for their individual claims.

In the instant action, Defendants offered to both Plaintiffs:

> [T]o settle any and all claims brought, or which could have been brought, against Defendants. . . . Defendants offer to pay Plaintiff the sum of $1,500 for each and every facsimile advertisement sent to Plaintiff beginning at least as early as April 21, 2004 as alleged in Plaintiffs' complaint filed in this matter, and in addition any such other relief which is determined by a court of competent jurisdiction to be necessary to fully satisfy all of the individual claims of Plaintiff . . . arising out of or related to the transmission of facsimile advertisements sent to Plaintiff . . . by or on behalf of Defendants. . . . The number of facsimiles sent to Plaintiff . . . is understood to be eleven (11) facsimile transmissions . . . . This amount is calculated as $1,500 per alleged facsimile transmission, which includes treble damages available pursuant to applicable law, and as set forth above, shall be increased by such amount, at the rate of $1,500 for each such facsimile as may be determined by a court of competent jurisdiction to be necessary to fully satisfy all of the individual claims of Plaintiff . . . arising out of or related to the transmission of facsimile advertisements sent to Plaintiff . . . by or on behalf of Defendants, together with any such other relief which is determined by a court of competent jurisdiction to be necessary to fully satisfy all of the claims of Plaintiff . . . .

7

(Doc. 60-1, ¶ 2.) The offers also provided that Defendants would agree not to transmit any facsimile advertisements in violation of the TCPA to Plaintiffs. *Id.* at ¶ 4. They further stated that "[a]cceptance of this Offer of Judgment by Plaintiff and payment by Defendants . . . of the total amount determined to be due according to the terms of this Offer, will result in the automatic and immediate dismissal of this action and any and all of [Plaintiff]'s claims, against Defendants . . . ." *Id.* at ¶ 7. The offers also include "costs acured to date" in the action. *Id*. at ¶ 3. Finally, the offers stated that if Plaintiffs fail to accept the offers of judgment within fourteen (14) days, they will be deemed withdrawn. *Id.* at ¶ 8.

Plaintiffs' Complaint alleges that "[b]eginning at least as early as April 21, 2004, Defendants transmitted more than 10,000 facsimiles to Plaintiffs and the other members of the Class." (Doc. 1, ¶ 10.) Plaintiffs demand "statutory damages . . . in the amount of $500.00 per violation" as well as "additional statutory damages . . . in the amount of $1000.00 per violation in the event that this Court finds that such violations were committed willfully or knowingly." *Id.* at ¶ (a-b). Plaintiffs do not indicate how many facsimiles they received individually.

Plaintiffs do not assert that Defendants' Rule 68 offers failed to offer them the maximum statutory relief available or that the number of faxes they individually received was greater than eleven (11). As such, it appears that Defendants' Rule 68 offers provided for complete relief to Plaintiffs as individuals acting in their personal capacities. However, it is clear that the Rule 68 offers did not provide relief for the putative class. Therefore, as *Weiss* instructs, "[b]ecause defendants' Rule 68 offer included no relief for the putative class

8

. . . we address the mootness question in that context." *Weiss*, 385 F.3d at 342.[2]

### B. Putative Class Claims

The Third Circuit Court of Appeals held in *Weiss* that where a plaintiff had yet to file a motion for class certification in a putative class action, "[a]bsent undue delay in filing a motion for class certification, . . . where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint." *Id.* at 348. "By relating class certification back to the filing of a class complaint, the class representative would retain standing to litigate class certification though his individual claim is moot." *Id.* Therefore the Court must determine in the present case whether there has been undue delay in filing a motion for class certification. If not, Defendants' motion to dismiss will be denied.

There does not appear to be a precise definition of "what constitutes . . . undue delay." *Morgan v. Account Collection Tech., LLC*, No. 05-CV-2131, 2006 WL 2597865 (S.D.N.Y. Sept. 6, 2006). *See also Goans Acquisition, Inc. v. Merch. Solutions, LLC*, No. 12-CV-00539, 2013 WL 5408460 (W.D. Mo. Sept. 26, 2013) ("With regard to undue delay, there is no set formula for determining timeliness; however, the primary guidance appears

---

[2] Defendants attempt to limit the applicability of *Weiss* to actions brought under the Fair Debt Collection Practices Act ("FDCPA") because "[t]he FDCPA authorizes additional recovery for non-named class members 'without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector,'" and the TCPA contains no such provision. *See Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004) (citing 15 U.S.C. § 1692k(a)(2)(B)). While the Court recognizes this difference between these two statutes, it is not persuaded that this difference impedes the applicability of *Weiss* to the present case.

to [be] whether the plaintiff has had 'a reasonable opportunity to compile a record necessary to support a motion for class certification.'") (citing *Vega v. Credit Bureau Enters,* 2003 WL 21544258, at *2 (E.D.N.Y. July 9, 2003).

Reviewing the timeline of litigation in this case, the Complaint was filed on November 26, 2011. Defendants filed a Motion for Extension of Time to File Responsive Pleadings (Doc. 10) on December 16, 2011, which was granted. On February 6, 2012, Defendants filed their Motion for Abstention, or in the alternative, to Dismiss, or in the alternative, to Stay Proceedings (Doc. 20). Defendants then requested oral argument on that motion on March 16, 2012. Oral argument was eventually held on April 26, 2012. Defendants' motion was denied on May 14, 2012. Defendants then moved for reconsideration on May 28, 2012, and the Court denied this motion on September 26, 2013. It was not until November 12, 2013 that Defendants filed Answers (Docs. 57, 58) to the Complaint. On November 15, 2013 Defendants made their Rule 68 Offers of Judgment and a few weeks later, on December 4, 2013, Defendants filed the instant motion to dismiss.

Although Plaintiffs filed their Complaint more than two years ago, Defendants did not answer the Complaint until November of 2013. Given the timing of the filing and disposition Defendants' earlier motions, the Court finds that there has not been undue delay in the filing of a motion for class certification. Although, as Defendants point out, Local Rule 23.3 states that a plaintiff shall move for class certification within ninety (90) days of filing a complaint, this time period can be extended "on motion for good cause appearing." Moreover, normally a date for filing a motion for class certification appears in the case's case management order. There is yet to be a case management conference and therefore there is, as yet, no case management order.

Defendants argue that *Weiss* has been "effectively overruled" by the Supreme Court's decision in *Genesis Healthcare Corp. v. Symczyk,* — U.S. —, 133 S. Ct. 1523, 1528–29*,* 185 L. Ed. 2d 636 (2013)*.* Because *Genesis Healthcare* involved a FLSA action and not a putative Rule 23 class action, the Court disagrees with Defendants and finds that it remains bound by the Third Circuit's opinion in *Weiss*.

In *Genesis Healthcare* plaintiff-respondent brought an action on behalf of herself and others similarly situated under the Fair Labor Standards Act ("FLSA"). *Id.* at 1527. Respondent was the sole plaintiff throughout the proceedings. *Id.* When defendant-petitioners answered the complaint they also made a Rule 68 Offer of Judgment. *Id.* When respondent failed to respond to the offer, petitioners filed a motion to dismiss for lack of subject matter jurisdiction. *Id.* The District Court dismissed the action for lack of subject matter jurisdiction, finding it undisputed that no other individuals had joined respondent's suit and that the Rule 68 offer fully satisfied her individual claims. *Id.* The Third Circuit Court of Appeals reversed, holding that although the offer fully satisfied respondent's individual claim and that such offers generally moot a plaintiff's claim, her collective action was not moot. *Id.* The Supreme Court reversed the Court of Appeals, holding that respondent's case was appropriately dismissed for lack of subject matter jurisdiction because she lacked a continuing interest in the litigation. The Supreme Court reached its decision without addressing the question of whether an unaccepted offer of judgment that fully satisfies a plaintiff's claim renders the plaintiff's individual claim moot, "assum[ing], without deciding, that petitioners' Rule 68 offer mooted respondent's individual claim." See *Genesis Healthcare*, 133 S. Ct. at 1528-29.

In reaching this holding the Supreme Court criticized respondent for relying "almost

11

entirely upon cases that arose in the context of Federal Rule of Civil Procedure 23 class actions," explaining that "these cases are inapposite, both because Rule 23 actions are fundamentally different from collective actions under the FLSA, see *Hoffmann–La Roche Inc.*[*v. Sperling et al.*], 493 U.S. [165], at 177–178, 110 S. Ct. 482 [(1989)] (SCALIA, J., dissenting), and because these cases are, by their own terms, inapplicable to these facts." *Id.* The Supreme Court further explained that:

> A putative class acquires an independent legal status once it is certified under Rule 23. Under the FLSA, by contrast, "conditional certification" does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees, see *Hoffmann–La Roche Inc.*, supra, at 171–172, 110 S.Ct. 482, who in turn become parties to a collective action only by filing written consent with the court, § 216(b). So even if respondent were to secure a conditional certification ruling on remand, nothing in that ruling would preserve her suit from mootness.

*Id.* at 1530.

Admittedly, the Supreme Court rejected the applicability of cases such as *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 100 S. Ct. 1202, 63 L. Ed. 2d 479 (1980); *Deposit Guaranty Nat. Bank v. Roper*, 445 U.S. 326, 100 S. Ct. 1166, 63 L. Ed. 2d 427 (1980); and *Sosna v. Iowa*, 419 U.S. 393, 95 S. Ct. 553, 42 L. Ed. 2d 532 (1975), to the question of whether a FLSA action brought on behalf of a plaintiff and other "similarly situated" employees is justiciable when the lone plaintiff's individual claim becomes moot in *Genesis Healthcare*. 133 S. Ct. at 1526, 1529-32. While the Third Circuit Court of Appeals relied on these cases in *Weiss*, the Court is unconvinced that *Weiss* is effectively overruled by the Supreme Court's treatment of these cases in *Genesis Healthcare* given the fact that *Weiss* concerned a putative Rule 23 class action and *Genesis Healthcare*

involved a FLSA action. In addition, since *Genesis Healthcare*, another District Court within the Third Circuit has continued to apply *Weiss,* albeit in a different context. *See Reardon v. ClosetMaid Corp.*, No. 08-cv-1730, 2013 WL 6231606, at * 6 n. 4 (W.D. Pa. Dec. 2, 2013) ("It is well settled that once a class has been certified, mooting a class representative's claim does not moot the entire action because the class 'acquire[s] a legal status separate from the interest asserted by [the named plaintiff].'") (citing *Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir.2004)).

As Plaintiffs point out, a number of District Courts have held that the Supreme Court's decision in *Genesis Healthcare* is limited to the FLSA collective action context. *See, e.g. Sandusky Wellness Center LLC v. Medtox Scientific, Inc.*, No. 12-2066, 2013 WL 3771397, at *2 (D. Minn. July 18, 2013) ("In other words, *Genesis* is inapplicable to a Rule 23 action brought under the TCPA."); *Ramirez v. Trans Union, LLC*, No. 21-CV-00632, 2013 WL 3752591, at *2-3 (N.D. Cal. July 17, 2013) ("The Court's delineation between Rule 23 class actions and FLSA collective actions bars a finding that *Symczyk* is "clearly irreconcilable" with *Pitts* [*v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091 (9th Cir. 2011)].");[3] *Canada v. Meracord*, *LLP*, No. 12–5657, 2013 WL 2450631, at *1 (W.D. Wash. June 6, 2013) ("[T]here is nothing to indicate that the [*Genesis Healthcare*] holding extends beyond FLSA collective actions."); *March v. Medicredit, Inc.*, No. 13-cv-1210, 2013 WL 6265070, at *3 (E.D. Mo. Dec. 4, 2013) ("[T]he *Genesis* case is inapposite to the present Rule 23 class action complaint."). *But see Keim v. ADF MidAtlantic, LLC*, No. 12-80577-CIV, 2013

---

[3] *Pitts* held that an unaccepted Rule 68 Offer of Judgment that precedes the filing of a motion for class certification does not moot a plaintiff's putative class action. *Pitts*, 653 F.3d at 1090-91.

13

WL 3717737, at *5 n.10 (S.D. Fl. July 15, 2013) ("That *Genesis* dealt with an FLSA collective action and its corollary 'conditional' class certification . . . does not support an attempt to distinguish it materially from the facts of this case, which deals with traditional Rule 23 class certification in a TCPA case: both cases present a situation where a lone plaintiff was offered full relief before a class acquired independent legal status."); *Masters v. Wells Fargo Bank S. Cent., N.A.*, No. A-12-CA-376-SS, 2013 WL 3713492, at *5 (W.D. Tex. July 11, 2013) ("Although the [Supreme] Court recognized Rule 23 class actions 'are fundamentally different from collective actions under the FLSA,' it went on to review (and distinguish) the precise Rule 23 cases Masters relies on in support of his argument.").

Given the emphasis that the Supreme Court placed on the distinction between FLSA collective actions and Rule 23 class actions in holding that the respondent's FLSA complaint was dismissed for lack of subject matter jurisdiction in *Genesis Healthcare*, the Court remains unpersuaded by Defendants' argument that *Genesis Healthcare* effectively overruled *Weiss*.

## CONCLUSION

Under *Weiss*, absent undue delay, a motion for class certification under Rule 23 relates back to filing of the class complaint. Since there was no undue delay here regarding the filing of a motion to certify a class, Defendants' motion to dismiss for lack of subject matter jurisdiction will be denied.

An appropriate Order follows.

| | |
|---|---|
| March 12, 2014 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |