# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARI WEITZNER and ARI WEITZNER, M.D., P.C., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SANOFI PASTEUR, INC. formerly known as AVENTIS PASTEUR INC., and VAXSERVE, INC., formerly known as VACCESS AMERICA INC.<br><br>Defendants. | CIVIL ACTION NO. 3:11-cv-2198<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is "Defendants' Motion to Certify for Immediate Interlocutory Appeal to the United States Court of Appeals for the Third Circuit Pursuant to 28 U.S.C. § 1292(b) this Honorable Court's March 12, 2014 Order Denying Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1), and Motion For Stay of Proceedings" (Doc. 69). Because the Court's March 12, 2014 Order involves a controlling question of law as to which there is a substantial ground for difference of opinion and an immediate appeal may materially advance the ultimate termination of the litigation, the Court will grant Defendants' motion.

## BACKGROUND

Plaintiffs Ari Weitzner, M.D. and Ari Weitzner, M.D., P.C., individually and on behalf of all others similarly situated, commenced this action on November 26, 2011 by filing a putative class action Complaint (Doc. 1), alleging violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq*. On November 23, 2013 Defendants filed

Answers and Affirmative Defenses to Plaintiffs' Complaint (Docs. 57 and 58). Defendants served Offers of Judgment pursuant to Federal Rule of Civil Procedure 68 upon Plaintiffs on November 15, 2013. Plaintiffs did not respond to the Offers of Judgment. On December 4, 2013 Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. 59), which this Court denied in its March 12, 2014 Memorandum and Order (Docs. 67 and 68). *See also Weitzner v. Sanofi Pasteur, Inc.*, – F.Supp.2d –, No. 11-cv-2198, 2014 WL 956997 (M.D. Pa. Mar. 12, 2014). Defendants now request that this Court certify its March 12, 2014 Order for immediate interlocutory appeal of the following question:

> Whether an unaccepted offer of judgment under Rule 68 in a putative class action, when the offer is made before the plaintiff files a motion for class certification pursuant to Rule 23, moots the plaintiff's entire action including the putative class claims, and thereby deprives the court of federal subject matter jurisdiction.

(Doc. 69, ¶ 11).

## DISCUSSION

**A.     Legal Standard**

Defendants seek to certification for interlocutory appeal of the Court's Order of March 12, 2014 under 28 U.S.C. § 1292(b).  28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Thus, the elements for an interlocutory appeal are (1) the order "involves a controlling question of law;" (2) as to which there is "a substantial ground for difference of opinion;"

2

and, (3) an immediate appeal "may materially advance the ultimate termination of the litigation." *Id.* The decision to certify for interlocutory appeal rests with the district court, and the burden to demonstrate that certification is appropriate lies with the moving party. *Orson v. Miramax Film Corp.*, 867 F. Supp. 319, 320 (E.D. Pa.1994) (citing *Delaware Valley Toxics Coalition v. Kurz–Hastings, Inc.*, 813 F. Supp. 1132, 1142 (E.D. Pa.1993)). Moreover, Section 1292(b) certification is appropriate only in exceptional circumstances. *U.S. v. Nixon*, 418 U.S. 683, 690, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974).

**B.     Analysis**

A question of law is controlling if: "1) an incorrect disposition would constitute reversible error and 2) it is serious to the conduct of the litigation, either practically or legal[ly]." *Eisenberger v. Chesapeake Appalachia, LLC*, No. 09-cv-1415, 2010 WL 1816646, at *3 (M.D. Pa. May 5, 2010) (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir.1974)). In the present case, incorrect disposition of the question of whether an unaccepted Rule 68 offer of judgment in a putative class action made prior to the filing of a Rule 23 motion for class certification moots the plaintiff's entire action, including the putative class claims, thereby depriving the court of federal subject matter jurisdiction, constitutes reversible error. *See Beazer East, Inc. V. The Mead Corp.*, No. 91-408, 2006 WL 2927627, at *2 (W.D Pa. Oct. 12, 2006) ("The court believes that the fundamental issue of subject matter jurisdiction is one of the clearest examples of a "controlling question of law" within the meaning of § 1292(b).")  In addition, practically speaking, the conduct of litigation would be significantly different if the Court lacked subject matter jurisdiction over this case. Therefore, Defendants have demonstrated that the Order at issue involves a controlling question of law.

With respect to the second element, "[a] substantial ground for difference of opinion exists when there is genuine doubt or conflicting precedent as to the correct legal standard." *Sakalas v. Wilkes-Barre Hosp. Co.*, No. 11-CV-0546, 2012 WL 4849721, at *1 (M.D. Pa. Oct. 11, 2012) (citing *P. Schoenfeld Asset Mgmt. LLC. v. Cendant Corp.,* 161 F. Supp. 2d 355, 360 (D.N.J. 2001)). "The clearest evidence of 'substantial grounds for difference of opinion' is where 'there are conflicting interpretations from numerous courts.'" *Knopick v. Downey*, 963 F. Supp. 2d 378, 398 (M.D. Pa. 2013) (citing *Beazer E., Inc. v. The Mead Corp.*, No. 91–0408, 2006 WL 2927627, *2 (W.D. Pa. Oct. 12, 2006)). Here, this requirement is met, as the Court previously noted that "[t]he Circuits are split on the question of 'whether an unaccepted offer of judgment under [R]ule 68 in a purported class action moots a Plaintiff's claim if the offer is made before the Plaintiff files a motion to certify the class.'" *Weitzner,* No. 11-cv-2198, 2014 WL 956997, at *3 (citing Yaakov v. ACT, Inc., — F.Supp.2d —, No. 12–40088, 2013 WL 6596720, at * 2 (D. Mass. Dec.16, 2013), amended by No. 12–40088, 2014 WL 257430 (D. Mass. Jan.22, 2014) ). Moreover, while the Court noted that the Third Circuit Court of Appeals addressed the issue at hand in *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004), the Supreme Court's decision in *Genesis Healthcare Corp. v. Symczyk,* — U.S. —, 133 S.Ct. 1523, 185 L.Ed.2d 636 (2013) rejected the applicability of three of the cases relied on by the Third Circuit Court of Appeals in *Weiss* to the question of whether an FLSA collective action is justiciable when the lone plaintiff's individual claim becomes moot. *Weitzner,* No. 11-cv-2198, 2014 WL 956997*,* at *7. Therefore, while this Court held that it remained bound by *Weiss,* Defendants have demonstrated that substantial grounds for a difference of opinion exist.

Third, to determine whether an immediate appeal would materially advance the ultimate termination of litigation, courts consider "(1) whether the need for trial would be eliminated; (2) whether the trial would be simplified by the elimination of complex issues; and (3) whether discovery could be conducted more expeditiously and at less expense to the parties." *Knopick*, 963 F. Supp. 2d at 398 (citing *Patrick v. Dell Fin. Servs.*, 366 B.R. 378, 387 (M.D. Pa. 2007)).  Here, Defendants clearly demonstrate that immediate appeal would advance the ultimate termination of litigation because reversal of the Court's March 12, 2014 Order would terminate the litigation.

## **CONCLUSION**

Based on the foregoing, certification for interlocutory appeal is appropriate in this case.  To avoid wasteful and unnecessary discovery, a stay will be granted.

An appropriate order follows.


May 5, 2014                                                                          /s/ A. Richard Caputo
Date                                                                                      A. Richard Caputo
                                                                                            United States District Judge